**In re John Horrace ATKINSON and Joanna Atkinson, fdba Kolab Petroleum, formerly officers of John Atkinson, Inc., J–Con, Inc., Wasatch Flooring, Furies Mining Corp., Debtors.**

**Bankruptcy No. BK–R–82–864.**

United States Bankruptcy Court,
D. Nevada.

Aug. 2, 1983.

Alan R. Smith, Reno, Nev., for debtor.

William L. Gardner, Reno, Nev., for movant.

## ORDER

ROBERT CLIVE JONES, Bankruptcy Judge.

*Background*

The debtors filed their joint Chapter 7 petition on 22 October 1982. In the Court's order of 30 November 1982 all scheduled creditors were notified of the 27 January 1983 deadline for filing complaints to determine the dischargeability of a debt and to object to the debtors' discharge. The order also included the bar date for the filing of proofs of claims (6 months following the 13 December 1982 first meeting of creditors).

Creditor William Black, who is listed on the debtors' schedules as holding an unsecured claim for $1.00, received notice of the above order in due course, underlined what he thought to be the pertinent information (including the deadlines), and immediately turned his copy of the order over to his attorney for appropriate action. He instructed his attorney to do all that was necessary to protect his claim against the debtors. Both Black and his attorney are residents of southern California, and neither attended the first meeting of creditors.

Black's attorney filled out a proof of claim form for $250,000, which was then signed by Black and filed with the clerk of the bankruptcy court on 20 December 1982. The claim is based, in part, on Mr. Atkinson's alleged fraud and is purportedly nondischargeable. In reliance on what he assumed to be his counsel's competence in bankruptcy law (based on the observation that the proof of claim was handled expeditiously), Black personally took no further action to protect his claim until some months later.

The January deadline for filing complaints relating to discharge passed without Black's counsel taking any action, and it was not until sometime in May 1983 that Black discovered the omission and contacted local counsel here in Reno, Nevada. Black's local counsel then filed on 1 June 1983 a motion to extend both the time for filing a dischargeability complaint and the time within which to object to the debtors' general discharge. The Court set 1 July 1983 for the evidentiary hearing.*

*Discussion*

Although Fed.R.Bankr.P. 404(c) and 409(a) provide that the Court may "for cause" extend the time for filing a dischargeability complaint or a complaint objection to a general discharge, when enlargement of the time is sought the Court is bound by Fed.R.Bank.P. 906(b). Rule 906(b) as applicable here reads:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

The operative words, then, for the purposes of this motion are "excusable neglect." As expressed by one court:

> The significance of the excusable neglect standard expressed in Rule 906(b) as applied to Rule 409 is that it serves as a guideline for the court in the rather murky waters involving the determination of whether a party's failure to file a complaint objection to the dischargeability of its debt within the time prescribed should be forgiven in light of the competing concerns of the parties and the objectives of the bankruptcy laws.

*Matter of Heyward,* 15 B.R. 629, 635 (Bkrtcy.E.D.N.Y.1981). That the court's discretion to extend the time must be exercised consistently with the "excusable neglect" standard was recognized by the Ninth Circuit Court of Appeals in *In re Magouirk,* 693 F.2d 948 (9th Cir.1982). The *Magouirk* court also recognized, in agreement with the bankruptcy judge and the bankruptcy appellate panel below, that " 'excusable neglect' is subject to differing interpretations, depending upon the proce-

---

\* These bare facts were gleaned from the debtors' case file and from evidence presented at the evidentiary hearing.

dural context in which it appears." *Id.* at 950.

*Magouirk* held that in a context such as our present motion "excusable neglect" is to be "liberally construed," *id.* at 951, because it is one of "those instances where the order or judgment forecloses trial on the merits of a claim." *Id.* The court likened a Rules 404 or 409 and 906(b) matter to Fed.R. Civ.P. 60(b) motions (excusable neglect as a basis for relieving a party from the effect of a final judgment or order). The court noted approvingly some factors bankruptcy courts have considered in judging whether "excusable neglect" exists:

> (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

*Id.*

During oral argument on this motion, movant's counsel concentrated on that part of his client's motion that seeks an extension of the time to file a complaint to determine the dischargeability of a debt, and appeared to abandon that portion of the motion that seeks enlargement of the time to file a complaint objecting to the debtors' general discharge. Even assuming there was no implied waiver, this Court is concerned with the length of time that has lapsed since the filing of debtors' petition and of the consequent prejudice to the debtors in further delaying the "fresh start" provided by the general discharge of 11 U.S.C. § 727. Also, the Court is mindful that the efficient administration of bankruptcy cases in this district can only be preserved through adherence to the established deadlines, which should be modified only in rare circumstances. In light of these considerations, the Court believes an extension of the time to file a complaint objecting to the debtors' general discharge is unwarranted, notwithstanding movant's

apparent good faith and reasonable and pardonable reliance on his attorney.

For some of the same reasons expressed above, the Court believes, on balance, that Black should not be penalized for his attorney's negligence and the merits of his fraud complaint should be heard in spite of the elapsed time since the bar date. The administration of this case will not be unduly hindered by such a trial, there is no evidence that Black's delay was the product of bad faith, and there is evidence that the delay was beyond the reasonable control of the movant, a layman who reasonably relied on his counsel. Under these circumstances, the Court feels justice will be best served by allowing an extension of time.

Accordingly, it is hereby

ORDERED that Black's motion for an extension of time to file a complaint objecting to the debtors' discharge is denied and that his motion for an extension of time to file a complaint to determine the dischargeability of a debt is granted.

IT IS FURTHER ORDERED that Black shall have 10 days from the service of this order to file such a complaint.