In re Frank Lavern NEWBURY a/k/a Frank L. Newbury, Marjorie Mae Newbury a/k/a Marjorie M. Newbury, Debtors.

In re Michael Lee NEWBURY a/k/a Michael L. Newbury, Debtor.

Bankruptcy Nos. 84–40942, 84–40943.

United States Bankruptcy Court, D. Kansas.

June 10, 1985.

Jan W. Leuenberger, Topeka, Kan., for debtors.

David L. Stutzman, Arthur, Green, Arthur & Conderman, Manhattan, Kan., for creditor.

Lloyd C. Swartz, Topeka, Kan., Trustee.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

These cases are before the Court on debtors' motions to avoid the liens of First National Bank of White City on certain cattle. The debtors are represented by Jan W. Leuenberger of Leuenberger Law Offices, Topeka, and the creditor is represented by David L. Stutzman of Arthur, Green, Arthur & Conderman, Manhattan.

The debtors contend that 11 U.S.C. § 522(b) and K.S.A. § 60–2304 permit them to exempt the cattle and that 11 U.S.C. § 522(f) in turn permits them to avoid a lien in said property to the extent that the lien impairs the exemption allowed under state law. The debtors' position is only partially correct. Although a state may elect to control what property is exempt under state law, federal law determines the availability of a lien avoidance, *Matter of Thompson,* 750 F.2d 628, 630 (8th Cir. 1984). Not every item exempt under state or federal law can be the subject of a lien avoidance under section 522(f)(2). 750 F.2d at 631. See also *United States v. Security Industrial Park,* 459 U.S. 70, 83, 103 S.Ct. 407, 415, 74 L.Ed.2d 235 (1982) (Blackmun, J. concurring).

In this case liens can be avoided only on items which are exempt by Kansas law and which also are named in § 522(f)(2), enumerated as follows.

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

One of the enumerated types of property is "animals" but only if held primarily for the personal, family or household use. Cattle held as a means of producing income do not qualify. If, however, the debtors can show that any of these animals are to be used within a year as food for the family, the animals would be exemptible under K.S.A. § 60–2304(1) and at the same time would qualify as property held for personal or household use. In that case, the lien on those animals would be avoidable. See *In Re Thompson*, 46 B.R. 1, 2 (Bankr.S.D. Iowa 1984).

Subsection (f)(2)(B) allows lien avoidance on implements or tools of the debtor's trade. The debtors contend that they are farmers and that these cattle are tools of their trade. The Court does not agree, in spite of the holding in *In Re Walkington*, 42 B.R. 67 (Bankr.W.D.Mich. 1984) that dairy cattle are tools of the trade of a dairy farmer. In reaching this conclusion, the Court relies in part on the fact that the Kansas personal property exemption statute separately enumerates "instruments, tools, implements and equipment," and "breeding stock ... or other tangible means of production." This indicates that the legislature did not perceive animals to be included within the meaning of "instruments," "tools," "implements" or "equipment" and felt compelled to enumerate them separately. This is consistent with the fact that common usage of the words "implement" and "tool" does not encompass livestock, but instead refers to an inanimate device such as an instrument or apparatus that augments or extends the limits of human physical ability or power. The Court therefore declines to find that cattle are implements or tools of a farmers trade in this state.

Since the cattle are not tools of the debtors' trade, a lien on the animals cannot be avoided under § 522(f)(2)(B), regardless of the fact that in the absence of a lien avoidance issue, Kansas law might exempt such cattle as "other tangible means of production." The debtors' motions to avoid the liens are denied except as to cattle to be used as food for the family within one year.

IT IS SO ORDERED.