In re Edward R. STICHA, Sr., aka Eddie Sticha and Susan E. Sticha, Debtors.

**Bankruptcy No. 3-85-2533.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 21, 1986.

---

Norbert Traxler, New Prague, Minn., for debtors.

John Markert, Robert Kucera, Bloomington, Minn., for State Bank of Lonsdale.

### ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on February 6, 1986, on motion of the Debtors to avoid liens on certain property. Norbert Traxler appeared representing the Debtors. John Markert and Robert Kucera appeared representing the State Bank of Lonsdale, in opposition. The parties were directed to submit briefs and to inform the Court regarding the need for further evidentiary hearing. On April 10, 1986, letter briefs from both parties were filed. It was also

represented that there would be no need for an evidentiary hearing. Based on the arguments of counsel, the file and upon all the records herein, the Court being fully advised in the matter now makes its Order pursuant to the Local and Federal Rules of Bankruptcy Procedure.

The Debtors filed for relief under 11 U.S.C. Chapter 7 on October 22, 1985. On January 13, 1986, they filed an amended B–4 Schedule claiming exempt, among other things, livestock valued at $9,500.00 and farm equipment valued at $9,785.00. The exemptions are claimed under MINN. STAT. § 550.37, Subd. 5, pursuant to 11 U.S.C. § 522(b)(2). On January 14, 1986, the Debtors filed a motion to avoid the State Bank of Lonsdale's nonpossessory, nonpurchase-money liens on this property pursuant to 11 U.S.C. § 522(f).

Section 522(f) does not provide for avoidance of liens on livestock used in connection with a farming operation for profit.[1] 11 U.S.C. § 522(f)(2)(B) allows nonpossessory, nonpurchase-money liens to be avoided on tools of a debtor's trade. However, the Debtors in this case did not claim the livestock exempt as tools of the trade pursuant to MINN.STAT. § 550.37, Subd. 6. Even if they had, livestock is not a tool of the trade as the term is used in the context of the exemption and lien avoidance provisions of the Bankruptcy Code. Accordingly, the Debtors are not entitled to avoid the Bank's lien on their livestock.

The Bank argues that the remaining equipment on which the Debtors attempt to avoid liens has a greater value than the $9,785.00 claimed by them and that to allow lien avoidance on more than $10,000.00 in farm implement value would constitute an unconstitutional taking of the Bank's interest in the property.

At the time that the Bank's lien arose, MINN.STAT. § 550.37, Subd. 5, allowed a debtor engaged principally in farming an exemption up to $5,000.00 value in

1. 11 U.S.C. § 522(f)(2)(A) does allow nonpossessory, nonpurchase-money security interests to be avoided on animals held primarily for household use of a debtor.

farm machines and implements. The Statute was amended, effective June 8, 1985, increasing the amount of the exemption to $10,000.00. Both Debtors in this case are farmers and they argue that, for lien avoidance purposes, they are entitled to avoid the Bank's lien in the equipment up to a total value of $20,000.00 applying the 1985 amended statute through 11 U.S.C. § 522(f)(2)(B). The Court does not agree.

Application of an exemption through 11 U.S.C. § 522(f) to avoid a lien that existed before the exemption statute was created, would constitute a retroactive unconstitutional application of § 522(f). Parties to a secured transaction are entitled to rely upon the law in existence at the time of the transaction regarding interests in property that are determined by it. Although this bankruptcy case was filed after the effective date of the Minnesota Statute increasing the exemption and the Debtors are entitled to exempt from the *estate* farm equipment totalling $20,000.00, 11 U.S.C. § 522(f) cannot be constitutionally applied to allow them to avoid the Bank's lien to that extent. Otherwise, application of § 522(f) would result in the use of a later-enacted statute to deprive the Bank of an earlier, lawfully created and sustained interest in property without compensation. *See In re Schuette,* 58 B.R. 417 (Bankr. Minn.1986) and *United States v. Sec. Indus. Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235, 7 C.B.C.2d 629 (1982), *aff'g, Rodrock v. Sec. Indus. Bank,* 642 F.2d 1193, 4 C.B.C.2d 124 (10th Cir.1981).

Accordingly, the Debtors are entitled to avoid the Bank's lien on their farm machines and implements only to the total value of $10,000.00, which was the extent to which the lien was avoidable at the time it was created.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED:

1. The Debtors are not entitled to avoid the lien of State Bank of Lonsdale on their livestock; and

2. The Debtors are entitled to avoid the lien of the State Bank of Lonsdale on their

farm machines and implements up to the total value of $10,000.00.