## In re Ronald PATTERSON and Marjorie Patterson, Debtors.

## Ronald PATTERSON and Marjorie Patterson, Debtors-Appellees,

v.

## ABBOTSFORD STATE BANK, Creditor-Appellant.

### No. 86–C–287–S.

United States District Court, W.D. Wisconsin.

June 20, 1986.

Bruce E. Zito, Mart W. Swenson, Eau Claire, Wis., for debtors-appellees.

William C. Gamoke, Nikolay, Jensen, Scott & Gamoke, S.C., Colby, Wis., Sheree L. Gowey, Asst. U.S. Atty., for creditor-appellant.

James E. Bartzen, Madison, Wis., for Wisconsin Bankers Assoc.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Appellant Abbotsford State Bank appeals from the Bankruptcy Court's April 9, 1986 order allowing the debtors to avoid appellant's liens, pursuant to 11 U.S.C. § 522(f), in debtors' dairy cattle and farm machinery. The Court has jurisdiction over this appeal under 28 U.S.C. § 158(a) and Bankruptcy Rule 8001.

## FACTS

Debtors Ronald and Marjorie Patterson filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 17, 1983. At the time of the filing of the bankruptcy petition, debtors owed appellant Abbotsford State Bank in excess of $110,000. Appellant's claim was secured by a non-purchase money security interest in farm machinery and farm livestock.

On December 27, 1985, debtors converted to Chapter 7. An auction of the debtors' farm machinery and livestock was held in January 1986. Debtors and appellant Abbotsford State Bank jointly received a check for $24,600, representing the net proceeds from the auction sale of the cattle and machinery. The dairy livestock was sold for a total amount of $20,030.

The debtors claimed an exemption in the dairy cattle in the amount of $17,300. This exemption consisted of $1,500 under 11 U.S.C. § 522(d)(6), the "tools of the trade" exemption, and $15,800 under § 522(d)(5), the "wild card" exemption. The debtors then filed a motion for avoidance of lien with respect to the dairy cows under § 522(f)(2)(B). Appellant Abbotsford State Bank objected to the motion.

A hearing was held on the motion on February 24, 1986, and the issue was then submitted to the Bankruptcy Court for determination through briefs. The debtors' brief contained a request to amend their motion to avoid lien to include proceeds from the auction sale of both the machinery and the livestock in an amount not to exceed $17,300 combined.

The Bankruptcy Court entered its opinion and order on April 9, 1986. It granted debtors' request to amend their motion to avoid lien to include proceeds from the sale of the machinery because no prejudice was caused to Abbotsford State Bank by granting the motion. The Bankruptcy Court also granted the debtors' motion to avoid liens.

In its decision granting debtors' motion to avoid liens, the Bankruptcy Court stated:

The Bank argues that dairy cattle are not tools of the trade and, hence, the debtors cannot avoid the Bank's lien on livestock under § 522(f)(2)(B). However, the court has already decided on this issue. A dairy cow is a tool of the trade of a dairy farmer. *In re Cook*, (Bankr. W.D.Wis. 84–01812 February 6, 1985). (Appendix A) A dairy cow is the apparatus that the farmer uses to produce a product. It is used to perform a specific function in a dairy farmer's operation.

*In re Walkington*, 42 B.R. 67, 72 (Bankr. W.D.Mich.1984).

The Bank next argues that the proceeds of the auction should not be subject to lien avoidance because proceeds are not a tool of the debtors' trade. This argument is without merit. The debtors are entitled to the exemptions they had available on the date of filing their bankruptcy petition. *Matter of Rivera*, 5 B.R. 313 (Bankr.M.D.Fla.1980). This is the only interpretation consistent with § 541 and the fresh start policy of the Bankruptcy Code. The fact that such property has been liquidated does not alter its exemption status. *In re Brezezinski;* (Bankr. W.D.Wis. 85–00517 July 1, 1985). (Appendix B)

The Bank next argues that the dairy cattle are not tools of the trade of the debtors because the debtors are no longer engaged in farming. The court notes that the debtors were engaged in farming when they filed their bankruptcy petition and only ceased farming operations when financially forced to liquidate. The debtors have stated an intention of resuming farming as soon as they are able. "A farmer who is forced by financial difficulties to take on another type of employment cannot be viewed as abandoning farming when he expresses an intent to farm again when financially able." *Id.* at paragraph 9. It is the opinion of this court that the occupation of both debtors is farming.

Finally, the Bank argues that the spillover exemption of § 522(d)(5) is not subject to the lien avoidance provisions of § 522(f)(2)(B). This issue has also already been decided by this court. *In re Hable*, 55 B.R. 5 (Bankr.W.D.Wis.1984). It is the position of this court that the lien avoidance provision of § 522(f)(2) is applicable to the spill-over provision of § 522(d)(5). *Matter of Hollinsed*, 54 B.R. 155 (Bankr.W.D.Wis.1984). It is the conclusion of the court that the debtors should be allowed to avoid these liens.

Appellant now appeals from the Bankruptcy Court's April 9, 1986 decision.

## OPINION

When a district court reviews a bankruptcy court decision, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court has a definite and firm conviction that error has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The Bankruptcy Court's conclusions of law are not subject to the clearly erroneous standard, but instead are subject to *de novo* review. *In re Evanston Motor Co., Inc.,* 735 F.2d 1029, 1031 (7th Cir.1984).

Appellant raises five issues on appeal. Appellant's first argument on appeal is that the Bankruptcy Court erred in allowing the debtors to amend their lien avoidance motion to include debtor's farm machinery. Appellant contends that since debtors moved to amend the motion after the hearing on lien avoidance was held, the motion is untimely and should be disallowed.

■ A lien avoidance motion may be commenced at any time a bankruptcy case is open unless the Bankruptcy Court, in its discretion, disallows the motion. *Matter of Serafini,* 41 B.R. 880 (W.D.Pa.1984). In this case, the debtors, instead of filing a separate lien avoidance motion on the farm machinery alone, requested the Bankruptcy Court to allow them to amend their current lien avoidance motion to include the machinery. The Bankruptcy Court in its discretion granted debtors' request to amend. Since there was no prejudice to the appellant bank in granting the request, this Court cannot conclude that the Bankruptcy Court abused its discretion in granting the motion to amend.

Appellant's second argument is that the Bankruptcy Court erred when it determined that dairy cattle can be classified as "tools of the trade" by a dairy farmer so as to be exempt under 11 U.S.C. § 522(d)(6).

Debtor, on the other hand, argues that the Bankruptcy Court's determination that a cow is a tool of the dairy farmer's trade is correct because a cow is the mechanism which converts raw materials, feed, into an end product, milk.

■ In prior cases this Court has taken a practical approach when determining whether an item is a tool of trade within the meaning of § 522(d)(6). *In re Nowak,* 48 B.R. 290 (W.D.Wis.1984). This Court believes that a practical approach is appropriate in this case also. Looking at the issue practically, this Court believes that a cow is a cow and not a tool of trade.[1] Although a cow could be classified as "livestock" or "animals," it is beyond this Court's imagination to believe that a cow could be classified as a "tool."

This Court therefore finds that the Bankruptcy Court erred when it determined that dairy cattle can be classified as "tools of the trade" by a dairy farmer. Accordingly, the Bankruptcy Court's decision on this issue is reversed. Debtors cannot claim their dairy cows as exempt under § 522(d)(6) or avoid appellant's lien on the proceeds from the dairy cows.

The appellant's third argument is that the Bankruptcy Court erred in determining that proceeds of an auction are exempt under § 522(d)(6). Appellant contends that cash proceeds are not "implements, professional books, or tools, of the trade of the debtor" and therefore are not exempt under § 522(d)(6). This argument is without merit.

■ A debtor's available exemptions are determined at the time of filing the bankruptcy petition. *White v. Stump,* 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924); *In re Sajkowski,* 49 B.R. 37, 39 (Bkrtcy.R.I.1985). Once a debtor's available exemptions are determined, a debtor generally will not lose the available exemptions because of the subsequent sale of the exempt assets.

---

1. *But see In re Walkington,* 42 B.R. 67, 72 (Bkrtcy.Mich.1984).

■ In this case, debtors, at the time of the bankruptcy filing, had an available exemption in machinery under § 522(d)(6). Although the debtors subsequently sold the machinery, the debtors did not lose the exemption in the value of the machinery. This is because under § 522(d)(6), it is the value of the debtors' equity in the "implements, professional books, and tools," as opposed to the physical items themselves, which may be claimed as exempt.[2]

Accordingly, this Court finds that the Bankruptcy Court was correct in determining that proceeds from the sale of the machinery are exempt under § 522(d)(6).

■ Appellant's fourth argument is that the Bankruptcy Court's finding that debtors can claim as exempt tools of the dairy farmer's trade is clearly erroneous. Appellant contends that debtors should not be allowed to claim as exempt implements and tools of the dairy farmer's trade because debtors are not currently engaged in dairy farming.

The Bankruptcy Court found that the debtors were engaged in farming. The Bankruptcy Court stated:

> The court notes that the debtors were engaged in farming when they filed their bankruptcy petition and only ceased farming operations when financially forced to liquidate. The debtors have stated an intention of resuming farming as soon as they are able.... It is the opinion of this court that the occupation of both debtors is farming.

This Court cannot conclude that the Bankruptcy Court's finding is clearly erroneous.

■ Appellant's fifth and final argument is that the Bankruptcy Court erred when it determined, according to the provisions of § 522(f)(2)(B), that debtors could avoid appellant's lien in implements and tools of the trade to the extent provided in § 522(d)(5) and (6). Appellant contends that the debtors can avoid its lien in implements and

tools of the trade only to the extent of $750, the amount specified in § 522(d)(6).

Section 522(f)(2)(B) allows the debtors to avoid appellant's lien in any implements or tools of the trade of the debtors to the extent such lien impairs an exemption under § 522(b) to which the debtors are entitled. Under § 522(b), debtors are entitled to an exemption in their implements and tools of trade to the extent provided in § 522(d)(6) and (5). It follows, therefore, that debtors are entitled to avoid appellant's lien in implements and tools of trade to the extent provided in § 522(d)(6) and (5). Nothing in § 522(f)(2)(B) limits the extent to which debtors can avoid appellant's lien to the amount specified in § 522(d)(6) only.

Given this Court's conclusion, the Court holds that the Bankruptcy Court did not err in determining that the debtors could avoid appellant's lien in farm machinery to the extent provided in § 522(d)(5) and (6).

Regarding appellant's final argument, this Court notes that the Wisconsin Bankers Association filed an *amicus curiae* brief on this issue urging the Court to interpret § 522(f) narrowly. The Wisconsin Bankers Association contended that an expansive interpretation of § 522(f) coupled with an expansive interpretation of Wis. Stats. § 815.18(6) may have drastic and unanticipated ramifications in the farm economy. Although the concerns of the Wisconsin Bankers Association may be valid, this Court is bound to follow the unambiguous language of § 522(f). Under the unambiguous language of § 522(f), a debtor is entitled to avoid a lien in any implement of tools of the trade to the extent such lien impairs an exemption under § 522(b) to which the debtor is entitled. Section 522(f) does not contain a monetary limit on the amount of liens that can be avoided. Any concerns about the "fairness" of this interpretation must be brought to the attention of the appropriate legislative body, not this Court.

---

**2.** *Cf. In re Sajkowski,* 49 B.R. 37 (Bkrtcy.R.I. 1985). Under § 522(d)(1), it is the debtor's equity in a homestead that is exempt, not the

physical structure. Therefore, a debtor may sell the homestead and still be entitled to the $7,500 homestead exemption.

## ORDER

IT IS ORDERED that the portion of the Bankruptcy Court's April 9, 1986 decision allowing the debtors to avoid appellant's liens in debtors' dairy cattle is hereby REVERSED.

IT IS FURTHER ORDERED that the portion of the Bankruptcy Court's decision allowing the debtors to avoid appellant's liens in the proceeds from the sale of the debtors' farm machinery is hereby AFFIRMED.