**In the Matter of Arnold Ray PETER-MAN, Winona Faye Peterman, Engaged in Farming, Debtors.**

**Bankruptcy No. 86–3304–C.**

United States Bankruptcy Court,
S.D. Iowa.

March 20, 1987.

Arnold O. Kenyon, III, Creston, Iowa, for debtors.

Chris Hagen, U.S. Atty., Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, for Farmers Home Administration.

Robert D. Taha, trustee.

### ORDER

LEE M. JACKWIG, Bankruptcy Judge.

On March 5, 1987 the United States of America on behalf of the Farmers Home

Administration filed an application to reconsider order filed February 26, 1987. The government asked the court to void the earlier order granting the debtors' motion to avoid the liens of the Farmers Home Administration and the Small Business Administration as to the debtors' exempt machinery and livestock. In the alternative, the government asked the court to issue a nunc pro tunc order clarifying that the final outcome of the matter in controversy be continued pending the result of the government's appeal in a case involving the same issue which is currently pending in the District Court for the Southern District of Iowa.

A review of the relevant case history is in order:

1. On December 22, 1986 a combined order for meeting of creditors and fixing times for filing certain objections and complaints was entered. The order indicated that the first meeting of creditors would be conducted on January 13, 1987 and that any objection to the debtors' claim of exempt property had to be filed within 30 days after the date of such meeting.

2. On January 21, 1987 the government, on behalf of the Farmers Home Administration, filed an "Objection To Property Claimed As Exempt". The government objected to the values set forth for farm machinery and equipment in the debtors' schedules. In paragraph 3 of the objection the government contended:

Debtors are precluded from claiming lien avoidance pursuant to the June 1, 1986 amendments to Iowa Code Chapter 627 because the debt to Farmers Home Administration and the security interest in the collateral arose prior to the enactment date of the amendments. To permit debtors to claim the exemptions in lien avoidance per the June 1, 1986 amendments to the Iowa exemption statute would be an unconstitutional taking contrary to the fifth and fourteenth amendments to the U.S. Constitution. *In Re Sticha*, 60 B.R. 717 (Bkrtcy.D.Minn. 1986).

3. On January 21, 1987 the debtors filed a motion to avoid the liens of the Small Business Administration and the Farmers Home Administration as to certain livestock, equipment, machinery and tools insofar as the liens impaired the exemptions to which the debtors were entitled under Iowa Code Section 627.6(12).

4. On February 3, 1987 a notice of the debtors' motion to avoid lien and of a bar date for objections to such motion was entered. The notice indicated that any objections had to be filed within 15 days from the date of the notice (February 18, 1987).

5. On February 11, 1987 a notice setting telephonic hearing on creditor's objection to property claimed as exempt was filed. The notice specified the objection would be heard on February 26, 1987.

6. During the telephonic hearing on February 26, 1987, the government counsel argued the points raised in her written objection to exemption. The parties asked the court to continue the matter until the District Court for the Southern District of Iowa rendered its decision in an appeal filed by the government in another case involving the same issue with respect to the recent change in the Iowa exemption statute.

7. On February 26, 1987 the debtors presented, via the mail, a proposed order granting the motion to avoid lien "as to their machinery and livestock which is exempt in the debtor's (sic) bankruptcy action". Since no objections to the motion to avoid lien had been filed by the bar date of February 18, 1987, the order was routinely signed and entered.

The undersigned has not yet ruled on the issue of whether a creditor must object to a debtor's claim of exempt property in order to preserve the right to resist any subsequent motion to avoid a lien on the same property. Historically, there had been a discrepancy between the way the bankruptcy courts for the Northern District and Southern District of Iowa approached such situation. To the undersigned's knowledge, the bankruptcy court in the Southern District of Iowa has never published an opinion indicating that one must take the precautionary measure of objecting to ex-

emptions. *Contra In re Grethen*, 14 B.R. 221 (Bankr.N.D.Iowa 1981).

Obviously, the government would have preserved their right to resist the motion to avoid lien, in any event, because the government timely objected to the exempt property. However, preserving one's right to object and utilizing such right are compatible but not identical courses of action. The government admits in its application to reconsider order that it did not respond to the motion to avoid lien. Then, apparently confusing the hearing on its objection to exemption with its failure to appear and be heard on the motion to avoid lien by filing a resistance, the government subsequently and inconsistently alleges that the statement in the February 26, 1987 order indicating that a hearing was held but that the government did not appear is incorrect.

The use of bar dates for objections and resistances is absolutely essential to efficient docket control in any judicial system and, especially, in the bankruptcy area which has experienced geometric increases in the number of petitions filed and concomitantly in the number of motions filed. *In re Lopez*, 39 B.R. 433, 437 (Bankr. R.I. 1984); *In re Atkinson*, 32 B.R. 44, 46 (Bankr.Nev.1983); *In re Brewer*, 17 B.R. 186, 189 (Bankr.M.D.Tenn.1982). This court can no longer enjoy the luxury of setting every matter for hearing and presiding while the parade of parties present stipulated or consent orders in the majority of the scheduled matters. Additionally, the "communication factor" inherent in the bar date provides a means by which most disputes may be identified as real or imaginary before the court must become involved in the matter.

In the present case, the government's objection, filed the same day as the debtors' motion, seemingly anticipates that the debtors would be seeking lien avoidance—at least, with respect to the Farmers Home Administration. It should be noted that although the government seeks a vacation of the order avoiding the liens of both the Farmers Home Administration and the Small Business Administration, at no relevant time did the attorney for the government represent that she was appearing on behalf of the Small Business Administration.

To allow the parties to rely upon issues raised in pleadings, objections or resistances that are not responsive to the particular motion would sap the administrative control of the docket overall and would obsfucate the issue under consideration in many situations. Most importantly, riddling the policy on bar dates with exceptions would likely result in inconsistent treatment of similarly situated litigants over time. Any exception to the enforcement of the bar date must be granted on compelling equitable principle. See Bankruptcy Rule 9006(b).

As a practical matter, the impact of the February 26, 1987 order is necessarily qualified by the pending objection to exemptions. That is, the parties do not dispute that the debtors are entitled to avoid the liens of the government agencies on the livestock, machinery and equipment to the extent the liens impair the exemptions; rather, the parties' dispute is limited to which exemption statute applies to the facts of the case and, possibly, if the lower pre-amendment amounts apply, to the actual values of the items.

WHEREFORE, it is hereby found that the government failed to object timely to the motion to avoid liens as required by the notice filed February 3, 1987.

IT IS FURTHER found that the February 26, 1987 order voids certain liens to the extent they impair debtors' exemptions and the extent of such exemptions is the object of the government's objection pending before this court.

THEREFORE, the government's March 5, 1987 application asking the court to vacate the February 26, 1987 order or to issue a nunc pro tunc order is denied.