**In re Curtis Neal HEAPE and Billie Jean Heape, Debtors and Appellants.**

**No. 86–1794.**

United States District Court, D. Kansas.

April 5, 1988.

Donald B. Clark, Wichita, Kan., for debtors.

Lynn D. Allison, Wichita, Kan., trustee.

James R. Gilhousen, Crockett, Keeley & Gilhousen, Wichita, Kan., for creditor.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is an appeal brought by the debtors, Curtis Neal Heape and Billie Jean Heape, from the bankruptcy court's order of September 26, 1986, denying their application to avoid a nonpurchase-money, nonpossessory lien on breeding stock pursuant to 11 U.S.C. § 522(f). Debtors have also filed a motion to stay the Citadel Bank of Independence from instituting proceedings in state court in an effort to take possession of the debtors' cattle. Debtors request the stay pending the Tenth Circuit's decision of the appeal in the case of *In re Sowder*, No. 87–1189–K (D.Kan., July 9, 1987), wherein the breeding stock of debtor/rancher were held to be tools of the trade under 11 U.S.C. § 522(f)(2)(B).

The district court's standard of review on a bankruptcy appeal is found in Bankruptcy Rule 8013, which provides in pertinent part: "Findings of Fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." While legal determinations of the bankruptcy court are reviewed *de novo*, the factual findings must be accepted by the district court unless they are clearly erroneous. *In Re Branding Iron Motel, Inc.*, 798 F.2d 396, 399–400 (10th Cir.1986). Stated another way, the findings of the bankruptcy court will not be disturbed except for the "most cogent reasons appearing in the record." *In Re Reid*, 757 F.2d 230, 233–34 (10th Cir.1985). In reviewing the factual findings, the district court does not weigh the evidence and should not reverse any finding because it would have reached a different decision in the first instance. The findings will not be reversed if the perception of the evidence is logical and reasonable on the record. *In Re Branding Iron Motel, Inc.*, 798 F.2d at 400.

Section 522(f) of the Bankruptcy Code permits debtors to avoid the fixing of certain liens to the extent they impair an exemption existing under either federal or state law. *Matter of Patterson*, 825 F.2d 1140, 1146 (7th Cir.1987); 3 Collier on Bankruptcy ¶ 522.29[1] (1987). It is undisputed in this case that debtors' claimed livestock is exempt under state law, K.S.A. 60–2304(e). The only issue on appeal is whether debtors are able to avoid the nonpossessory, nonpurchase-money security interest held by the Citadel Bank of Independence on debtors' exempt livestock as tools of trade under 11 U.S.C. § 522(f)(2)(B). This Bankruptcy Code provision states, in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor

in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor

. . . .

While state law may govern the question of the debtors' exemption on their cattle, federal law does determine the availability of lien avoidance. *Matter of Thompson,* 750 F.2d 628, 630 (8th Cir.1984); *In re Newbury,* 70 B.R. 1 (Bankr.D.Kan.1985); *In re Eakes,* 69 B.R. 497, 498 (Bankr.W.D. Mo.1987). Liens on property exempt under Kansas law are avoidable only if enumerated in 11 U.S.C. § 522(f)(2). *In re Newbury,* 70 B.R. at 1. The purpose behind section 522(f)(2)(B) is to allow a fresh start for the debtors after bankruptcy through their use of tools necessary to make a living at their trade. *In re Lafond,* 791 F.2d 623, 627 (8th Cir.1986).

Debtors contend that their approximately nineteen head of livestock constitute a tool of their trade as ranchers and, as a result, that the security interest of Citadel Bank of Independence in those cattle should be avoided under section 522(f)(2)(B). Debtors rely on two decisions holding that livestock were tools of trade for a rancher, *In re Sowder,* No. 87–1189–K (D.Kan. July 9, 1987), and for a dairy farmer. *In re Walkington,* 42 B.R. 67 (Bankr.W.D.Mich.1984). These decisions represent the clear minority, as most courts have soundly rejected the proposition that cattle are tools of the trade. *Matter of Patterson,* 825 F.2d at 1146; *In re Meadows,* 75 B.R. 357, 362 (W.D.Va.1987); *In re Patterson,* 64 B.R. 120, 123 (W.D.Wis.1986), *rev'd and re-*

*manded on other grounds,* 825 F.2d 1140 (7th Cir.1987); *In re Newbury,* 70 B.R. 1, 2 (Bankr.D.Kan.1985); *In re Eakes,* 69 B.R. 497, 498–99 (Bankr.W.D.Mo.1987); *In re Sticha,* 60 B.R. 717, 718 (Bankr.D.Minn. 1986); *In re Yoder,* 32 B.R. 777, 781 (Bankr.W.D.Pa.1983), *rev'd in part on other grounds,* 48 B.R. 744 (W.D.Pa.1984).

One test for a tool of the trade is whether the equipment is commonly understood as "implements" or "tools" of the farming trade. *In re Lafond,* 791 F.2d at 627. Common usage of "tools" or "implements" does not include livestock, as these terms generally describe "an inanimate device such as an instrument or apparatus that augments or extends the limits of human physical ability or power." *In re Newbury,* 70 B.R. at 2; *accord, In re Eakes,* 69 B.R. at 498. "[A] cow is a cow and not a tool of trade." *In re Patterson,* 64 B.R. at 123. To construe "cows" and "livestock" to be "tools" and "implements" is a distortion of the English language without any indicated basis or justification for such a deviation. *See Matter of Patterson,* 825 F.2d at 1147.

Debtors' argued interpretation also defies the "whole statute" rule of statutory construction which directs that words or phrases of a statute are to be construed in the context of neighboring terms and phrases within the same statute in order to achieve a harmonious meaning. *In re Eakes,* 69 B.R. at 498. The term of "animals" appears in section 522(f)(2)(A), but Congress chose not to refer to "animals" in section 522(f)(2)(B). *In re Meadows,* 75 B.R. at 362; *In re Yoder,* 32 B.R. at 781. The Kansas personal property exemption separately refers to "tools" and "breeding stocks." *In re Newbury,* 70 B.R. at 2. The whole meaning of section 522(f)(2) is seriously compromised when "tools of the trade" is said to encompass cattle or other animals, particularly when the term "animals" is otherwise enumerated in section 522(f)(2).

Debtors request a liberal construction to be given section 522(f)(2)(B) which is typically accorded exemption statutes. The objective of the lien avoidance provisions dif-

fers from that of exemption statutes, as the former is to prevent creditors from forcing debtors in bankruptcy to reaffirm consumer debts. *Matter of Thompson,* 750 F.2d at 631. Although concerned about preserving the debtors' opportunity for a fresh start, Congress did not provide that every item exempt under state or federal law can have its lien avoided under section 522(f)(2). *Matter of Thompson,* 750 F.2d at 631; *see generally United States v. Security Industrial Park,* 459 U.S. 70, 83, 103 S.Ct. 407, 415, 74 L.Ed.2d 235 (1982) (Blackmum, J., concurring).

This court is not persuaded by the contention that farmers and ranchers would be unfairly discriminated against if they were unable to claim their livestock as tools of their trade. *Contra In re Walkington,* 42 B.R. at 72. Dairy farmers and ranchers are still able to avoid liens on tools found in their barns and workshops. *In re Eakes,* 69 B.R. at 499. Livestock is in the nature of capital assets rather than tools of the trade:

> The Pattersons [debtors] point out that both tractors and cows are instrumentalities for turning raw materials (grass, hay, water, etc.) into salable products (milk, cheese, etc.) and therefore are tools of the farming trade in a broad sense. But as the Pattersons' able counsel readily acknowledged at argument, a businessman's secretary is by the same token a tool of the trade; indeed, all capital and labor inputs are tools in this sense; the only things a business buys that are not tools of its trade are materials. If "tools" is to be given so capacious a definition as the Pattersons urge, then the exemption is not for the tools of a person's trade but for the capital assets of his business, even though it is to those assets that creditors primarily look for repayment of the bankrupt's debts.

*Matter of Patterson,* 825 F.2d at 1146. Instead of a victim of discrimination, farmers are being fairly treated under the bankruptcy court's definition and would receive an unintended windfall by the broad construction of tools of the trade that is proposed by the debtors.

Debtors argue their fresh start as ranchers depends upon having cattle. Section 522(f)(2) indicates that Congress did not intend that liens on exempt livestock would be avoided. Arguably, both breeding stock and tools are similar in allowing the debtor a fresh start, but this does not permit the court to ignore the plain language of section 522(f)(2). *In re Yoder,* 32 B.R. at 783; *see Johnston v. Barney,* 842 F.2d 1221, 1223 (10th Cir.1988); *In re Liming,* 797 F.2d 895, 901 (10th Cir.1986). It is the responsibility and authority of Congress to balance the rights of creditors in their security interests against the interest of debtors in having a fresh start. This court will leave it to Congress to weigh these competing interests and to determine the appropriate policy.

In light of the above conclusions, the court also denies the debtors' request for a stay. This court does not perceive a likelihood that debtors would prevail on appeal or that the conclusion of livestock being a tool of trade in *In re Sowder* will be affirmed on appeal. In addition, any harm to debtors is not irreparable, as it can be compensated by monetary damages.

IT IS THEREFORE ORDERED that the bankruptcy court's order of September 26, 1986, is affirmed.

IT IS FURTHER ORDERED that the debtors' motion for a stay is denied.