**In re Gary R. SMITH, Debtor.**

**Bankruptcy No. 3–91–3956.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 9, 1992.

J. Thomas Church, Minneapolis, Minn., for debtor.

Richard Bins, Rochester, Minn., for Historic Riverside Partnership.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on December 2, 1991, on motion of the Debtor to avoid the lien of Historic Riverside Partnership in certain property pursuant to 11 U.S.C. § 522(f)(2). Appearances are noted in the record. The Court, having heard and received all relevant evidence, and having heard arguments and reviewed briefs submitted by the parties, now being fully advised in the matter, makes this ORDER pursuant to the Federal and Local Rules of Bankruptcy Procedure.

---

**I**

Prior to his bankruptcy petition filed on July 19, 1991, Gary Smith was a partner in Smith Music network. The partnership owned a Schafer 8000 stereo console, which is the subject of this dispute. Historic Riverside Partnership was Smith Music Network's landlord, and had a security interest in the console to secure the rent.

Shortly before filing, Smith Music Network Partnership was dissolved, and the Debtor acquired ownership of the stereo console, which was still subject to the security interest of Historic Riverside. At filing, rent was owing to Historic. The Debtor claimed the stereo exempt and seeks to avoid Historic's lien under 11 U.S.C. § 522(f)(2) as a tool of his trade. Historic objects to the avoidance.

**II**

11 U.S.C. § 522(f) allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property" to which the statute applies. That language has been recently interpreted by the Supreme Court as limiting availability of the avoidance provision to property interests held by a debtor at the time a lien attaches. *See: Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). Accordingly, a lien that is attached to an interest in property prior to acquisition by a debtor of an interest in the same property, is not avoidable under 11 U.S.C. § 522(f) by the later acquiring debtor.

In this case, Historic Riverside's lien attached to the stereo console while owned by Smith Music Network. It remained attached to the property when the console was acquired by Gary Smith, and, consequently, the Debtor cannot avoid the fixing of the lien under 11 U.S.C. § 522(f).

**III**

Based on the foregoing, IT IS HEREBY ORDERED: the Debtor's motion to avoid Historic Riverside's lien on his Shafer 8000 stereo console is DENIED.