**In re Scott P. KANE, Debtor.**

**In re Dannie Lynn NELSON, Suzan Jeane Nelson, Debtors.**

**Bankruptcy Nos. 93–10577, 93–10642.**

United States Bankruptcy Court, D. Kansas.

Oct. 12, 1993.

Robert E. Nugent, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, KS, for debtors.

Steven L. Speth, Stinson, Lasswell & Wilson, Wichita, KS, for Plains State Bank.

*MEMORANDUM OF DECISION DENY-ING DEBTORS' APPLICATIONS TO AVOID LIEN AND GRANTING PLAINS STATE BANK RELIEF FROM THE AUTOMATIC STAY*

JOHN K. PEARSON, Bankruptcy Judge.

The above referenced cases are before the Court on Plains State Bank's motion for relief from automatic stay, objection to debtors' claims of exemptions, and debtors' applications to avoid the lien of Plains State Bank.

## FACTS

The facts of this case are undisputed. The parties have stipulated:

1. Scott P. Kane, Dannie L. Nelson, and Suzan J. Nelson (hereinafter "debtors") entered into a written partnership agreement on November 7, 1987. The name of the partnership was "Kane–Nelson Farms" and farming was its main purpose.

2. The partnership received loans from Plains State Bank (hereinafter "PSB") and granted the bank a security interest in all of the partnership's farm equipment and machinery as collateral for the loans.

3. Debtors, pursuant to a written dissolution and winding up agreement, dissolved the partnership on November 30, 1992. Under the dissolution and winding up agreement, each partner received ratable share of the partnership equipment in kind, subject to the liens of the bank.

4. All debtors subsequently filed bankruptcy and now seek to avoid the liens of the bank on the farm equipment by claiming the equipment as exempt property under the Kansas tool of the trade exemption, K.S.A. 60–2304(e).

5. Debtor Suzan J. Nelson was employed by DeKalb Swine Breeders prior to filing bankruptcy. She earned $25,282.68 in wages from DeKalb in 1992, while her gross farm income was $3,573.50.

## CONCLUSIONS OF LAW

6. Debtors did not own individual interests in the equipment when PSB's liens attached.

7. Because debtors did not have own an interest in the equipment when the liens attached, they are not entitled to avoid PSB's liens under 11 U.S.C. § 522(f).

8. PSB has validly perfected security interests in the debtors' equipment.

9. PSB's interest in the debtors' equipment is not adequately protected and therefore PSB is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

## DISCUSSION

Debtors assert that they are able to use 11 U.S.C. § 522(f) to avoid PSB's lien on equipment once owned by debtors' partnership. PSB, on the other hand, argues that because the partnership incurred the debt and the lien attached to the property when it was owned by the partnership, the individual debtors now in possession of the property cannot avoid PSB's lien. Neither parties' brief is helpful.

■ Section 522(f) of the Bankruptcy Code allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor otherwise would have been entitled ... if such lien is ... a nonpossessory, nonpurchase money security interest" in tools of the trade of the debtor. 11 U.S.C. § 522(f)(2)(B). Section 522(b)(2)(A) of the Bankruptcy Code allows an individual debtor to claim as exempt any property that is exempt under state law. Kansas allows an exemption of $7500 for "tools, implements and equipment ... regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation." K.S.A. 60–2304(e). While Kansas law controls what the debtors may claim as tools of the trade, federal law controls the lien avoidance issue. *Matter of Thompson,* 750 F.2d 628, 630 (8th Cir.1984); *In re Newbury,* 70 B.R. 1 (Bankr.D.Kan.1985).

■ The United States Supreme Court recently interpreted § 522(f) in *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). The Court focused on the express language of the statute, which allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property...."

11 U.S.C. § 522(f). The Court concluded that this section meant that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)...." *Farrey,* 500 U.S. at 296, 111 S.Ct. at 1829, 114 L.Ed.2d at 344 (emphasis in original). Thus a debtor may not avoid a lien or security interest which attached to property before the debtor acquired it.

▪ A partnership is a distinct legal entity, separate from those who formed it, and is recognized as a "person" under the Bankruptcy Code. *See* 11 U.S.C. § 101(41); *In re Olszewski,* 124 B.R. 743, 746 (Bankr.S.D. Ohio 1991). All property that a partnership acquires is partnership property, and each partner owns an undivided interest in that property. K.S.A. 56–308(a), –325(a). The liens that debtors seek to avoid attached to the property in question when that property was owned by the Kane–Nelson Partnership. The individual debtors did not acquire separate interests in specific property of the partnership until it dissolved.

A bankruptcy court from the District of Minnesota recently applied *Farrey* to a case very similar to the case at bar. In *In re Smith,* 135 B.R. 358 (Bankr.D.Minn.1992), an individual debtor (Smith) tried to claim a tool of the trade exemption for a piece of recording equipment previously owned by a partnership in which he was a partner. The partnership had granted its landlord a security interest in the equipment to secure payment of rent. The partnership subsequently dissolved and distributed the equipment to Smith. Smith then filed bankruptcy and tried to avoid the landlord's lien on the equipment. Citing *Farrey,* the court denied Smith's application to avoid lien, stating that the lien attached to the equipment when it was owned by the partnership and remained attached to it after it was acquired by Smith and, therefore, he could not avoid the fixing of the lien. *Smith,* 135 B.R. at 359.

*Farrey* and *Smith* are persuasive in the instant case. The debtors owned an interest in the partnership. The partnership owned the equipment in question and granted PSB a security interest in the equipment. The

security interest, therefore, had already attached to the property before it was distributed to the individual debtors upon dissolution. Therefore, because the debtor did not have an interest in the property before the lien attached, the debtor cannot now use § 522(f) to avoid the lien.

▪ The parties do not dispute that PSB's liens on the equipment are valid and perfected. PSB's claim against debtors is in excess of $200,000.00, while the value of the collateral securing that indebtedness is less than $25,000.00. Apparently the debtors have no equity in this collateral. PSB has moved this Court for a relief from stay for lack of adequate protection pursuant to 11 U.S.C. § 362(d)(1). Debtors have not provided any cash payments, replacement liens, or any other form of adequate protection to PSB as authorized by 11 U.S.C. § 361. Because PSB is not adequately protected, this Court hereby grants PSB's motion for relief from automatic stay.

Accordingly, for the reasons given above, debtors' application to avoid lien is denied, and PSB's motion for relief from stay is granted. This Court finds it is unnecessary to rule on whether debtor Suzan J. Nelson is a farmer and, therefore, declines to do so.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R.Civ.P. 52(a) and Fed.R.Bankr.P. 7052. A separate judgment will be entered giving effect to the determinations reached herein.