In re Ronald MINGO, Debtor.

Bankruptcy No. 94–01507.

United States Bankruptcy Court,
D. Idaho.

Dec. 12, 1995.

William Mulberry, Ririe, Idaho, for Debtor Ronald Mingo.

Randall J. French, Bauer & French, Boise, Idaho, for Creditors Eugene and Earlene Ast.

John S. Ritchie, Coleman, Ritchie & Robertson, Twin Falls, Idaho, for Creditor United States Automobile Association.

L.D. Fitzgerald, Trustee, Pocatello, Idaho.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

*Introduction.*

Debtor Ronald Mingo filed for Chapter 7 relief on June 17, 1994. He filed a motion to avoid the judicial liens on his homestead real estate claimed by creditors United States Automobile Association ("USAA") under a judgment recorded on August 3, 1983, and by Eugene and Earlene Ast ("Ast") under a judgment recorded on August 29, 1984.

The real estate in which Debtor asserts his homestead exemption was acquired in 1970 by Debtor and his then wife, Regina Mingo. On June 16, 1994, shortly before the bankruptcy was filed, they divorced. Under the divorce decree, Debtor was awarded the real estate.

The property has a value of between $136,-000 and $158,000, based upon two professional appraisal opinions submitted to the Court. Floyd Mingo, Debtor's father, claims a purchase-money security interest covering much of the irrigation equipment and the pump on the property. The property is also subject to a mortgage in favor of Farmers Home Administration on which there is a balance due of about $49,000.

*Discussion.*

Debtor seeks to avoid the two judgment liens pursuant to Section 522(f)(1) of the Bankruptcy Code.[1] That statute provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

---

1. Because this bankruptcy case was filed prior to October 22, 1994, it is governed by the version of the statute in effect before the amendments to

Section 522(f) made by the Bankruptcy Reform Act of 1994, Publ.L. No. 103–394, 108 Stat. 4106.

(1) a judicial lien....

11 U.S.C. § 522(f)(1). A variety of issues were raised by the parties in connection with Debtor's motion. However, only one issue need be addressed by the Court to dispose of the matter.

Debtor asserts that the creditors' judgment liens may be avoided because they impair his homestead exemption on the property in question. However, Creditors argue that their liens cannot be avoided under these facts and applicable case law. They suggest that since Debtor did not acquire his present interest in this real estate until 1994 when he divorced, and since the liens predated the divorce, Debtor had no interest in the land to which the liens could affix. Thus, Creditors urge, their judgment liens are immune from attack under Section 522(f).

After consideration by the Court, and while creditors' argument imposes a harsh result on divorced debtors as compared to those who remain married when they seek bankruptcy relief, the Court concludes the creditors are correct, and Debtor's motion must be denied.

In 1991, the U.S. Supreme Court decided *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In that case, Farrey and Sanderfoot had been married. When they divorced, Sanderfoot was awarded the parties' house by the state divorce court, and Farrey was given a lien on the parties' house to secure a money judgment granted her by the court. Sanderfoot thereafter filed for bankruptcy and asked the bankruptcy court to avoid Farrey's lien under Section 522(f)(1) as a judicial lien impairing his homestead exemption on the house. The Supreme Court refused to allow avoidance. The Court explained:

> The statute does not say that the debtor may undo a lien or an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event—the fastening of a liability—presupposes an object onto which the liability can fasten. The statute defines the pre-existing object as "an interest of the debtor in property." Therefore, unless the

debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).

500 U.S. at 296, 111 S.Ct. at 1829. (emphasis in original).

The Ninth Circuit Court of Appeals in *In re Catli,* 999 F.2d 1405, 1408 (9th Cir.1993) (applying Washington law), and the Bankruptcy Appellate Panel in *In re Yerrington,* 144 B.R. 96, 99 (9th Cir.B.A.P.1992) (applying Alaska law), acknowledge that one critical issue in a Section 522(f)(1) dispute is whether the debtor owned an interest in the property before the lien in question affixes. Both decisions deny the right to avoid a lien on property the debtor received as a result of divorce proceedings. Obviously, the outcome of this issue is controlled by state law.

Judge Hagan has ably analyzed this question from the perspective of Idaho law in *In re Hunt,* 94 I.B.C.R. 62. After reviewing the Idaho statutes and cases concerning the nature of property interests in Idaho community property before and after divorce, the Court concluded:

> If a married couple's homestead is part of the couple's community property, the divorce court may assign it to either party. In the present case the divorce court assigned the homestead to the debtor, subject to a lien in favor of Horace Hunt. A community interest is a unique property interest that can only be held by a married couple. *See* Idaho Code § 32–901 *et seq.* By granting the debtor sole and separate ownership of the property, the divorce court extinguished the debtor and Horace's community property interest in the homestead and created a new property interest. *See, Sanderfoot; Catli.* Consequently, the debtor did not have an interest in the homestead prior to the fixing of Horace's lien....

Because the lien attached to the homestead *before* the debtor obtained her interest in the property, the debtor's motion to avoid Horace's lien will be denied in accor-

dance with the Supreme Court's holding in *Sanderfoot*.

94 I.B.C.R. at 65–66 (emphasis in original).

In this case, the divorce decree clearly establishes that the Debtor's homestead property was formerly the community property of he and his spouse, Regina Mingo. Upon their divorce, that community ownership interest was extinguished by the divorce court, and a new sole and separate ownership interest was created in favor of the Debtor. The judgment liens of the two creditors attached to the property at the time they were recorded in 1983 and 1984 under Idaho law. *See* Idaho Code § 10–1110. Under the reasoning of *Farrey v. Sanderfoot*, then, Debtor owned no interest in this property before the liens attached, and therefore, the fixing of these liens may not be avoided under Section 522(f)(1).

Debtor correctly notes that all of the above cases involved attempts by a debtor to avoid a lien in favor of a former spouse arising from the divorce proceedings. Debtor contends that this approach to interpreting the statutes should not apply in commercial settings. Moreover, it is true that had the Mingos filed for bankruptcy prior to their divorce and sought to avoid the liens, the protection afforded by the *Farrey v. Sanderfoot* analysis would not be available to Creditors.

Obviously, the legal consequences of divorce and the resulting conversion of community property to separate property can be profound in many ways. Neither the Supreme Court nor any of the other decisions discussed above restrict their reasoning solely to the facts of the cases nor the domestic relations arena.[2] Rather, they construe a generally applicable provision of the Bankruptcy Code–Section 522(f)(1)—the same provision upon which Debtor relies here. Absent some basis in the case law for the distinction drawn by Debtor, this Court declines to create one.

**2.** In fact, the Court located several cases applying the principle enunciated in *Farrey v. Sanderfoot* in settings other than where a former spouse is the effected lien creditor. *See, e.g., In re Kane,*

*Conclusion.*

Accordingly, Debtor's motion to avoid Asts' and USAA's judgment liens will be denied by separate order. None of the other issues raised by the parties need be addressed by the Court.

167 B.R. 224 (Bankr.D.Kan.1993); *In re Saturley,* 149 B.R. 245 (Bankr.D.Me.1993); *In re Smith,* 135 B.R. 358 (Bankr.D.Minn.1992).