FARMERS ELEVATOR & LIVESTOCK COMPANY, Appellant, v. A. G. SATRE, Appellee.

**EXEMPTIONS:** Property Exempt—"Tools" and "Vehicles." A farmer may not hold exempt both a farm truck, as a "tool or farm instrument," and an automobile, as a "vehicle." Said articles must, under our statutory classification, be classed as "vehicles."

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

DECEMBER 11, 1923.

ACTION to recover on notes and book account, aided by attachment. Among other property levied upon were a Sampson truck and one Ford touring car. Jury was waived, and case

submitted to the court. The trial court held that the truck and automobile were exempt. Facts appear in the opinion. Plaintiff appeals.—*Reversed and remanded.*

*Martin & Alexander,* for appellant.

*O. J. Henderson,* for appellee.

ARTHUR, J.—I. There is no dispute in the facts. Certain facts were stipulated, and the only evidence offered was the testimony of defendant. The controversy involves only questions of law. In May, 1921, plaintiff brought this suit on certain notes and account aggregating about $1,600, aided by attachment. Among other property, the writ was levied upon a Sampson farm truck and a Ford automobile owned by defendant. Defendant served the statutory notice on the sheriff, claiming the truck and automobile to be exempt. At the time of the levy of the attachment, defendant was a farmer, the head of a family, and a resident of Hamilton County, Iowa. The defendant claimed, and the lower court held, that the Sampson truck was a proper tool or implement of a farmer and, as such, within the protection of the exemption statute. The defendant claimed, and the lower court held, that the Ford automobile was an exempt vehicle, specifically protected by the exemption statute to any farmer who habitually uses it in earning his living. From such holding and judgment in accordance therewith this appeal is taken.

II. Errors relied upon for reversal are that the court erred in holding the truck and car to be exempt from attachment or execution; that, it being shown without dispute that appellee had the very articles which the law says he may hold as exempt, he will not be permitted to claim other and different articles; that the truck and automobile claimed by appellee as exempt are both vehicles, and, as the law prescribes the kind of vehicles which appellee may claim as exempt, the court erred in holding them to be exempt, where the evidence shows without dispute the proper vehicle and wagon enumerated by the statute; that the plain wording of the statute excludes the property claimed by the appellee as exempt,—the truck and the automobile; and

that the court erred in extending the plain terms and meaning of the statute to include any other property than that enumerated.

Appellee relies, to sustain the judgment, upon the propositions that exemption statutes are liberally construed; that all proper tools and instruments of a farmer are exempt, under the statute; that the statute provides an additional specific exemption to a farmer of any vehicle by the use of which he habitually earns his living.

III.    Whether or not the truck and automobile in question are exempt to appellee must be determined under our exemption statute.    It may be said to be elementary that all exemptions are statutory.    The portion of our exemption statute, Code Section 4008, to be considered in the instant case reads:

"* * * the proper tools, instruments or books of the debtor. if a farmer * * *; if the debtor is a physician, public officer farmer, teamster, or other laborer, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse; * * *"

It may be stated as the universal rule that exemption statutes are liberally construed in favor of the debtor    But, as we said in *Voris v. West*, 180 Iowa 138:

"While it is true that an exemption grant will be liberally construed to effectuate the purpose of the grant, yet we must find the grant in the statute, or no exemption can exist; and it is not for this court to say that the legislature intended a larger grant of exemptions than is given by the plain wording of the statute."

IV.    Appellee testified with respect to the use of the truck in substance as follows: That he used it in running his business as a farmer, for hauling feed, grain, and stock to market, for hauling salt and other articles and feed from town to the farm; that, "outside of the Ford car, that it is used more than any other farm implement on the farm;" that he used the truck all but five or six weeks in the year; that he used it throughout the wintertime, whenever the roads were fit to use it; that he used it in hauling articles back and forth on the farm, such as bedding, posts, fencing, and things of that kind; that he used it

whenever it was necessary to do any hauling. Respecting the Ford automobile, the facts testified to by defendant were:

"Speaking generally, I do not suppose there is a day but what we use that Ford car, because it is used in delivering cream and eggs, and if anything goes wrong on the farm, for repairs or whatever it is, we have always got to have that car, and in other of my business I have to attend to; and it is the only means I have of getting around, because I have no buggy, and I use the Ford for attending to all my business in general,—I mean business connected with my farm. When I have occasion to go to town for supplies or groceries, I use the Ford. I haul cream with the Ford car: we sell cream and eggs. In connection with my farm and looking after my business, if I have occasion to go to town or elsewhere, I use the Ford for that purpose."

Defendant further testified that, at the time the levy was made, he had one farm wagon, two horses, free from incumbrance, a truck wagon, with a hayrack on for hauling hay and for threshing, and six horses and three colts; that all but one team was mortgaged; that he did not mortgage this one team because he understood that he could hold the team as exempt property; that he did not mortgage the truck because he understood that it was a farm implement, and was exempt; that he understood that the team, wagon, hay wagon, and the truck were exempt; and that he was claiming that they were exempt and that the Ford automobile also was exempt.

V. It is contended by appellant that the truck and automobile claimed by appellee as exempt are both vehicles, within the meaning of the term "vehicle," as used in the statute, and that, the evidence showing without dispute that appellee had the vehicle enumerated by the statute,—a wagon,—and also a team and harness, which the statute permits him to hold as exempt from attachment or execution, appellee will not be permitted to add thereto the truck and Ford automobile, which are not included in the specific enumeration contained in the statute. Concretely stating appellant's position, it is that appellee has the specific vehicle named in the statute, to wit, a wagon, and a team and harness, and that he cannot be permitted to hold the wagon and the truck and the automobile, all three, as exempt.

Of course, a wagon is a vehicle. We have held that an au-

tomobile is a vehicle. *Roberts v. Parker*, 117 Iowa 389; *Lames v. Armstrong,* 162 Iowa 327. In the *Lames* case, we said:

"An automobile is a vehicle, within this law. It serves the purpose of a wagon or other vehicle. That it is a vehicle there can be no doubt, and that the motive power is gasoline, instead of a horse or horses, is not material, under the exemption law."

That the truck in controversy is a vehicle, there can be no doubt. In many cases, our exemption statutes have been before us for consideration and construction. Not until in the instant case has been presented the question of whether a truck and an automobile are exempt to a farmer. In *Roberts v. Parker,* supra, we held that a bicycle habitually used by a painter, paper hanger, and billposter to earn his living was exempt. In *Baker v. Maxwell,* 183 Iowa 1192, we held that a portable sawmill was exempt to the owner, as a mechanic. In *Waterhouse v. Johnson,* 194 Iowa 343, we held that an automobile was exempt to a laborer who used the automobile in transporting himself and his tools in his business of laying farm tile on various farms.

The lower court did not specify the particular ground upon which he held these two articles to be exempt from execution in the hands of appellee, a farmer. The argument of counsel for appellee proceeds on the theory that the truck was held to be exempt as a "tool or instrument" of a farmer, and as such, within the protection of the exemption statute; and that the Ford automobile was an exempt vehicle specifically protected by the exemption statutes to any farmer who habitually used it in earning his living. However, if said truck and automobile, or either of them, may be held to be exempt to appellee, as a farmer and the head of a family, under any provision of the statute, the finding and judgment of the trial court must be upheld. Counsel for appellee strenuously insists, and argues with much plausibility, that the truck in question, used by appellee as the evidence shows it was used, constitutes a tool or instrument reasonably adapted to this farmer's use, and therefore exempt to him as a farm implement. The same may be said with respect to the Ford automobile. In a broad sense, perhaps the wagon, the truck, and the automobile, all three, are farm implements. Were it not for the specific classification in

the statute of "the proper tools, instruments or books of the debtor, if a farmer," and a further classification of "the wagon or other vehicle," etc., the position of appellee would be very convincing. But the statute mentions and classifies separately "the proper tools, instruments," etc., used in the operation of farm business, and "the wagon or other vehicle." Undoubtedly, the truck and automobile in question come within the latter classification, and must, therefore, be considered strictly as vehicles, and not as farm tools. Appellee might claim and hold exempt either the wagon, the truck, or the automobile, but he cannot hold all three of the vehicles as exempt. The statute specifies just what is exempt in the way of a vehicle by stating, "the wagon or other vehicle." However persuasive argument may be, to the effect that a truck and an automobile used as the evidence in the instant case shows that such articles were used, may be considered as proper farm tools, the court cannot extend the provisions of the statute to so hold. The statute enumerates in plain and clear terms what is exempt to a farmer in the way of a vehicle, and the automobile and truck in question come under the classification made, respecting a vehicle. We are not warranted in saying that the truck and automobile in question, or either of them, should come under the classification of tools and instruments of a farmer, when there is in the statute a specific classification under which they clearly belong. The legislature may, if it sees fit, include within the classification of farm tools a truck or automobile or both, or may add to the classification of vehicles a truck or automobile or both; but it is not the province of the court so to do.

VI. It is not clear, but there is some intimation in the record that appellee was not put to his election as to whether he would select the wagon or the automobile as a vehicle exempt. According to the testimony of appellee, he claimed all three vehicles as exempt. Since appellee cannot hold all three vehicles as exempt vehicles, it is, perhaps, the privilege and right of appellee to now make his selection of which one of the vehicles he claims as an exempt vehicle. Accordingly, the case is remanded for such further proceedings as may be necessary to determine which one of the three vehicles appellee is entitled to, as an exempt vehicle.

The lower court was in error in his holding, and in the judgment entered with respect to both the truck and the automobile in controversy. Results in reversal of the case.—*Reversed and remanded.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.