**In re Jay Kent EAKES and Annette Jean Eakes, Debtors.**

**Jay Kent EAKES, et al., Movants,**

v.

**FARMERS HOME ADMINISTRATION, Respondent.**

**Bankruptcy No. 86–03914–SJ.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 26, 1987.

Hugh A. Miner, St. Joseph, Mo., for debtors.

Dick Sherbondy, U.S. Dist. Atty., Kansas City, Mo., for U.S.

### ORDER DENYING MOTION FOR LIEN AVOIDANCE

KAREN M. SEE, Bankruptcy Judge.

Debtors filed a motion to avoid the lien of Farmers Home Administration in 14 dairy cows under 11 U.S.C. § 522(f)(2). Each debtor claims as exempt two cows as animals under § 513.430(1) RSMo. and five cows as tools of the trade under § 513.-430(4) RSMo. The issues are whether the cattle are exempt under § 513.430 RSMo. and if so, whether they qualify for lien

avoidance under 11 U.S.C. § 522(f)(2). As requested by the parties, the issues raised in this motion were decided on briefs and without a hearing.

Section 522(f) of the Bankruptcy Code permits debtors to avoid liens on certain types of property that is exempt under state or federal law. Thus, it is necessary first to decide whether the cattle are exempt property and if they are, then whether the FMHA lien on the cattle may be avoided. Missouri has opted out of the federal exemptions. 11 U.S.C. § 522(b); § 513.427 RSMo. Although Missouri law determines what property is exempt, federal law determines the availability of lien avoidance. *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984). The lien on the cattle can be avoided only if the cattle are exempt under Missouri law and listed in 11 U.S.C. § 522(f)(2).

The Missouri exemption statute § 513.-430 RSMo., allows the following exemptions relevant to this motion:

> (1) ... animals ... held primarily for personal, family or household use of such person or a dependent of such person, not to exceed one thousand dollars in value in the aggregate.
>
> \*      \*      \*      \*      \*      \*
>
> (4) ... tools of the trade ... not to exceed two thousand dollars in value in the aggregate.

■ Animals such as cattle can be exempt, but only to the extent they are held primarily for personal, family or household use. There is no exemption for animals held for commercial or production purposes. Thus, cattle held to produce income do not qualify. Debtors are engaged in the business of dairy farming. They raise and maintain livestock for milk production. There has been no evidence that debtors would use any of the cattle other than to continue in a dairy operation. Debtors do not contend that four of the cattle would be used for family dairy product needs or slaughtered for family consumption. Even if such assertion had been made, it would likely be rejected. To make such an argument while maintaining a herd for commer-

cial purposes, the debtors would be asking the court to effectively eliminate the requirement that the animals be held primarily for personal, family or household use of the debtors. In *Matter of Thompson*, an identical case in the Eighth Circuit, debtors contended that even if a commercial herd of pigs was not exempt, a few pigs out of 210 should be exempt for personal consumption. The argument was rejected and it was held debtors could not exempt under a claim of personal or family use hogs which were raised for commercial purposes. It was noted there was no evidence the hogs were not livestock raised in a commercial enterprise. 750 F.2d 628. Thus, the court concludes the animals may not be claimed exempt for personal, family or household use.

■ Debtors also contend they are entitled to exempt ten cattle as "tools of the trade." Debtors cite *In re Walkington*, 42 B.R. 67 (Bankr.W.D.Mich.1984), which held that dairy cattle are tools of the trade of a dairy farmer. This Court disagrees.

The "whole statute" rule of statutory construction is based on the proposition that words and phrase of a statute are to be read in context with neighboring words and phrases in the same statute to produce a harmonious whole. It is not proper to confine interpretation to the one section to be construed. *Sutherland Stat. Const.* § 46.05 (4th Ed).

■ The Missouri exemption statute separately enumerates "animals" and "tools of the trade." This indicates that the legislature did not perceive animals to be included within the meaning of "tools of the trade" and felt compelled to enumerate them separately. This is consistent with the common usage of the word "tool," which does not encompass livestock, but instead refers to an inanimate device such as an instrument or apparatus that augments or extends the limits of human physical ability or power. *See, In re Newbury*, 70 B.R. 1 (Bankr.D. Kan.1985) (J. Pusateri). Had the Missouri legislature wished commercial livestock to

be exempt, it would have so specified in the statute.

This court rejects the *Walkington* rationale that dairy cattle must be classified as tools of the trade or dairy farmers will be denied equal protection of the law. All individuals of any occupation can exempt tools of the trade. Without doubt, dairy farmers can avoid liens on tools found in their workshops and barns. The question is simply what items can be classified as tools. Here, the answer is that dairy cows are not tools of trade under the Missouri statute.

In conclusion, since cattle are not tools of debtors' trade and the cattle were not held for personal, family or household use, none of the 14 head of cattle are exempt under the Missouri exemption statute. Since the cattle are not exempt property, the FMHA lien on the 14 cattle cannot be avoided under 11 U.S.C. § 522(f)(2)(B). Accordingly, it is hereby

ORDERED that debtors' motion to avoid the lien on 14 head of cattle is DENIED.