

Frank M. Smith, Des Moines, Iowa, for debtors.

Terry Wright, Des Moines, Iowa, for Telco.

LEE M. JACKWIG, Bankruptcy Judge.

## ORDER ON APPLICATION TO AVOID LIENS

On January 21, 1987 a hearing was held in Des Moines, Iowa on the debtors' application to avoid liens filed on November 10, 1986 and resisted by Des Moines Telco Credit Union (Telco) on November 19, 1986. Frank M. Smith appeared on behalf of the debtors and Terry Wright appeared on behalf of Telco. Letter briefs have been filed by both parties. For the reasons set out below, the debtors' application is denied.

## FINDINGS OF FACT

1. On August 8, 1986 the debtors filed a joint petition for relief under Chapter 7.

2. Pursuant to Iowa's exemption statute, the debtors claim a 1976 Mercury automobile, valued at $1,000.00, and a 1978 Dodge ½ ton pickup, valued at $800.00, exempt.

3. To secure a loan made to the debtors, Telco took a nonpossessory, nonpurchase money security interest in the automobile and pickup.

In the Matter of Douglas Leroy VAN PELT, Peggy Ann Van Pelt, Debtors.

Bankruptcy No. 86–2192–C.

United States Bankruptcy Court, S.D. Iowa.

June 29, 1987.

4. An order dated August 19, 1986 directed that any objection to the debtors' claim of exempt property be filed within thirty days after the meeting of creditors unless the time period was extended by the court. No extension was requested.

5. The meeting of creditors was held on September 9, 1986.

6. On November 10, 1986, the debtors moved to avoid the liens on the automobile and the pickup.

7. Telco filed its resistance on November 19, 1986.

8. Mr. Van Pelt is employed as a mechanic for a telephone company. Both Mr. and Mrs. Van Pelt earn additional income as self-employed building maintenance workers.

## DISCUSSION

The court notes that Telco did not object to the debtors' claim of exemptions within *thirty days* of the first meeting of creditors as required by the order dated August 19, 1986 and Bankruptcy Rule 4003(b).[1] Also, no motion has been filed under Bankruptcy Rule 9006(b) to enlarge the time within which to file such an objection.[2] Yet, Telco has objected to the amount of the debtors' exemption claim in response to the debtors' motion to avoid liens. In many lien disputes similar to this one, debtors have questioned whether a creditor who fails to object timely to a debtor's claim of exemptions may object to the exemptions when resisting a motion to avoid liens.

A number of courts have addressed this issue and the results are varied. In the case of *In re Grethen*, 14 B.R. 221 (Bankr. N.D.Iowa 1981), the late Judge William W. Thinnes held that a creditor's knowledge of the fact the debtor planned to move to avoid liens under section 522(f) did not constitute "excusable neglect" for noncompliance with the time limit for objecting to exemptions. The court emphasized that the time limit was established to set a cutoff point at which debtors could be certain of the objections that had been made. The court also noted that if creditors were allowed to wait until section 522(f) actions were commenced, the time limitation rule would be undermined and more delay would result. *See also, In re Keyworth*, 47 B.R. 966, 970 (D.C.Colo.1981) (to allow an untimely objection "would be to impermissibly amend Rule 4003(b) which is clear and unequivocal"); *In re Blum*, 39 B.R. 897 (Bankr.S.D.Florida 1984) (30–day objection period not met and no enlargement of time requested pursuant to Bankruptcy Rule 9006(b)(3)).

Other courts have held to the contrary. For instance, in *In re Roehrig*, 36 B.R. 505 (Bankr.W.D.Ky.1983) the court found that failure to timely object to the debtor's exemption claim did not mandate that the property be deemed exempt. The court reasoned that if the exemptions were allowed to stand, the debtor would be creating a class of exemptions apart from the federal exemptions set forth in section

1. Bankruptcy Rule 4003(b) provides in part that:
   The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless within such period, further time is granted by the court.
   Local Rule 4005 provides that "[a]ny objection to debtor's claim of exemptions shall be filed no later than 15 days after the conclusion of the § 341 Meeting of Creditors." Given the conflict between the notices routinely issued by the clerk's office, in accordance with Bankruptcy Rule 4003(b), and Local Rule 4005, the local rule is considered null and void. The court notes that in the proposed amendments to the bankruptcy rules, Bankruptcy Rule 4003(b) re-

mains essentially unchanged from its present form. Proposed Bankruptcy Rule Amendments, Rule 4003(b) (1986).

2. Bankruptcy Rule 9006(b) provides in part that:
   [W]hen an act is required or allowed to be done at or within a specified period of time by these rules or by notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

522(d) or the state exemptions authorized by section 522(b). *Id.* at 507–08.

This court is persuaded by the reasoning set forth in the *Grethen* decision. Compliance with rules such as Bankruptcy Rule 4003(b) is imperative if onerous caseloads are to proceed as expeditiously as possible. Moreover, a maxim of statutory construction is that a statute should be interpreted so as not to render one part inoperative. *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 105 S.Ct. 2587, 2595, 86 L.Ed.2d 168 (1985). Permitting a creditor who fails to object timely to exemption claims to make that objection in resistance to a section 522(f) motion renders Bankruptcy Rule 4003(b) meaningless. Finally, the concern expressed in the *Roehrig* opinion that strict adherence to the thirty day limit would create a new class of "exemption by declaration" is overcome by the recognized rule that there must be a good faith statutory basis for the exemption. *In re Bennett,* 36 B.R. 893, 895 (Bankr.W.D.Ky.1984).

■ As stated above, Telco has failed to comply with the thirty day requirement of Bankruptcy Rule 4003(b). The undersigned realizes that the practice of her predecessor had been to permit creditors to object to exemptions after the thirty day period had expired. No doubt Telco as well as many other creditors in the Southern District of Iowa have relied upon this practice. In fairness to Telco, its objection will be considered timely filed. However, by virtue of this order, Telco is put on notice that, unless the requirements of Bankruptcy Rule 9006(b) are met, future failure to object to the debtor's exemption claims within the thirty day time period prescribed by Bankruptcy Rule 4003(b) will preclude consideration of such an objection in a section 522(f) action.

## II.

The focus of the parties' arguments is on the issue of whether the vehicles the debtors claimed exempt are tools of the trade associated with the debtors' employment as building maintenance workers.

11 U.S.C. section 522(f)(2) provides that a debtor may avoid the fixing of a lien on property that is otherwise exempt under federal or state law if such lien is:

(2) a nonpossessory, nonpurchase-money security interest in any—

. . . .

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

. . . .

11 U.S.C. section 522(b)(1) permits states to "opt out" of the federal exemption scheme. Iowa has done so by virtue of Iowa Code section 627.10. Therefore, the issue of whether the debtors' vehicles are tools of the trade pivots on Iowa law.

Iowa's exemption statute provides in part that:

If the debtor is engaged in any profession or occupation other than farming, [the debtor may claim] implements, professional books, or tools of the trade of the debtor or a dependent of the debtor, not to exceed in value ten thousand dollars in the aggregate [as exempt].

Iowa Code section 627.6(10).[3]

Under Iowa Code section 627.6(9), a debtor may claim musical instruments, one motor vehicle and an interest in certain wages and tax refunds as exempt in an aggregate value not to exceed $5,000.00. An automobile is a vehicle. *Matter of Hahn,* 5 B.R. 242, 245 (Bankr.S.D.Iowa 1980).

■ Since Iowa's exemption statute provides separate exemption categories for tools of the trade and vehicles, the debtors are precluded from claiming vehicles as tools of the trade. In *Farmer's Elevator & Live Stock Co. v. Satre,* 196 Iowa 1076, 195 N.W. 1011 (1923), the Iowa Supreme Court was faced with a situation wherein a debtor sought to claim a truck and an

---

**3.** Some confusion has arisen concerning the correct numbering of the subsections under Iowa Code section 627.6. The confusion apparently has resulted from the striking of former subsection 5. All Iowa statutory citations in this order are taken from the official Iowa Code (1987) unless otherwise noted.

automobile as a tool of the trade. The court stated:

> Were it not for the specific classification in the statute of the 'proper tools, instruments, or books of the debtor, if a farmer,' and a further classification of 'the wagon or other vehicles, etc.,' the position of the [debtor] would be very convincing. The statute mentions and classifies separately 'the proper tools, instruments,' used in the operation of the farm business and 'the wagon or other vehicle.' Undoubtedly, the truck and automobile in question come within the latter classification and must therefore be considered strictly as vehicles, and not as farm tools.... The statute in plain and clear terms enumerates what is exempt to a farmer in the way of a vehicle, and the automobile and truck in question come under the classification made respecting a vehicle. We are not warranted in saying that the truck and automobile in question, or either of them, should come under the classification of tools and instruments of a farmer, when there is in the statute a specific classification under which they belong.

*Farmers' Elevator,* 195 N.W. at 1013.

In the case of *In re Eakes,* 69 B.R. 497 (W.D.Mo.1987), a debtor claimed ten cows as exempt under Missouri's tools of the trade exemption. Under Missouri's statute, tools of the trade and animals are placed in separate categories. The *Eakes* court held that the separate enumeration of animals and tools of the trade indicated that the legislature did not perceive animals to be included within the meaning of "tools of the trade." In rendering this decision, the *Eakes* court relied upon the " 'whole statute' rule of statutory construction which is based on the proposition that words and phrase [sic] of a statute are to be read in context with neighboring words and phrases in the same statute to produce a harmonious whole." *Id.* at 498, *quoting* 2A Sutherland Stat. Const., section 46.05 (4th ed. Sands 1984).

The foregoing principles lead this court to conclude that Iowa's separate categorization of vehicles and tools of the trade evinces a legislative intent that vehicles are not included within the meaning of "proper implements" or "tools of the trade" under Iowa Code section 627.6(10).

Another consideration buttresses this conclusion. Had the Iowa legislature intended to include vehicles under section 627.6(10), it could have provided so. Indeed, Iowa Code section 627.6(11)(a), which sets out a portion of the present farm exemptions, does provide that the debtor may claim:

> Implements and equipment reasonably related to a normal farming operation. *This exemption is in addition to a motor vehicle held exempt under subsection 9.*

*Id.* (emphasis added).[4] Use of the words "in addition" and reference to the vehicle exemption under Iowa Code section 627.6(10) reveal that the Iowa legislative perceived that vehicles are to be included within the meaning of "implements and equipment" under section 627.6(11)(a). No such language is found in section 627.6(10).

## CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing analysis, it is hereby found that the vehicles claimed exempt by the debtors are not "proper implements" or "tools of the trade" under Iowa Code section 627.6(10). Hence, Telco's liens on the vehicles cannot be avoided by means of 11 U.S.C. section 522(f)(2)(B).

THEREFORE, the debtors' application to avoid the liens on the two vehicles in question is denied.

---

4. Livestock and feed for livestock · may be claimed exempt along with implements and equipment under section 627.6(12) but the combined value cannot exceed $10,000.00.