**In the Matter of Ethel J. DETTMAN, Debtor.**

**Bankruptcy No. 87–3065–D.**

United States Bankruptcy Court, S.D. Iowa.

April 29, 1988.

Peter W. Hansen, Fort Madison, Iowa, for debtor.

Carl A. Saunders, Gregg Humphrey, Fort Madison, Iowa, for Fort Madison Bank & Trust Co.

Burton H. Fagan, Bettendorf, Iowa, trustee.

---

## ORDER ON MOTION TO AVOID LIEN

RUSSELL J. HILL, Bankruptcy Judge.

On March 17, 1988, a telephonic hearing was held on the motion to avoid lien filed by Ethel J. Dettman (hereinafter "Debtor"), and the resistance thereto by Fort Madison Bank & Trust Co. (hereinafter "Bank"). Peter W. Hansen appeared on behalf of Debtor and Gregg Humphrey appeared on behalf of Bank.

This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). The court having heard the arguments of counsel and having reviewed the file now enters its findings and conclusions pursuant to F.R.Bankr.P. 7052.

## ISSUE

Whether Debtor can avoid liens on her claimed-as-exempt automobile and mobile home.

## FINDINGS OF FACT

1. Debtor filed her Chapter 7 petition on December 18, 1987.

2. On her schedule B–4, Debtor claimed as exempt, among other items, a 1981 Chevrolet Malibu under Iowa Code section 627.6(10) [sic], and a 1981 Fairmont mobile home under Iowa Code section 561.16.

3. On February 10, 1988, Debtor filed a motion to avoid lien pursuant to 11 U.S.C. section 522(f)(2). Said motion applied to the above-mentioned automobile and motor home, both of which were listed in B–2 and claimed as exempt in B–4.

4. On February 16, 1988, Bank filed a resistance to Debtor's motion to avoid lien, claiming that the automobile and motor home do not fall within the listed property in section 522(f)(2).

5. On February 16, 1988, Debtor filed a response, conceding that the property is not included within section 522(f)(2), but claiming that because Iowa "opted out" of the federal exemptions pursuant to section 522(b)(1), section 522(f)(2) allows lien avoidance for such property.

## DISCUSSION

Bankruptcy Code section 522(f)(2) states that a debtor may avoid the fixing of a lien which impairs a properly claimed exemption if such lien is:

(2) a nonpossessory, nonpurchase money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f)(2).

In the case at bar, there is no dispute that the automobile is exempt under Iowa Code section 627.6(9), and that the mobile home is exempt under Iowa Code section 561.16. Therefore, the issue becomes whether the liens may be avoided under 11 U.S.C. section 522(f)(2).

Concerning the automobile, this court has interpreted section 522(f)(2)(B) to not allow lien avoidance on an automobile. *In re Van Pelt*, 83 B.R. 617 (Bankr.S.D.Iowa 1987). In *Van Pelt*, the court held that under Iowa Code section 627.6, separate exemption categories exist for vehicles and tools of the trade. *Id.* As a result, an automobile cannot be considered a tool of the trade for lien avoidance purposes under section 522(f)(2)(B). *Id.* Therefore, in the case at bar, Debtor cannot avoid lien on the 1981 Chevrolet Malibu.

Debtor also seeks to avoid lien on the mobile home under section 522(f)(2). Debtor exempted the mobile home under Iowa Code section 561.16, a homestead election. However, nothing in section 522(f)(2) allows lien avoidance on such a homestead. Furthermore, in a case where a debtor was allowed to avoid lien on a motor home, it was accomplished under

section 522(f)(2)(A) as a "household good." *In re Dipalma*, 24 B.R. 385, 390–91 (Bankr.D.Mass.1982). In the case at bar, the 1981 Fairmont Mobile Home is a homestead, not a household good. Therefore, Debtor cannot avoid lien on the mobile home.

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the court concludes Debtor cannot avoid lien on either the 1981 Chevrolet Malibu or the 1981 Fairmont Motor Home.

THEREFORE, IT IS ORDERED, that Debtor's motion to avoid lien is overruled.