In re William James
**GRAETTINGER, Debtor.**

**Bankruptcy No. B-87-00770F.**

United States Bankruptcy Court,
N.D. Iowa.

Nov. 7, 1988.

William Sanderson, Estherville, Iowa, for debtor.

Jeffrey T. Wegner, Omaha, Neb., for First Federal Sav. and Loan/movant.

William J. Thatcher, Fort Dodge, Iowa, trustee.

## MEMORANDUM AND ORDER

*Granting the Avoidance of Liens Under 11 U.S.C. § 522(f)(2)(B)*

MICHAEL J. MELLOY, Chief Judge.

On June 30, 1987, this Court avoided a lien on Debtor's 1983 Nissan pick-up truck, pursuant to 11 U.S.C. § 522(f)(2)(B). The creditor appealed that decision to the United States District Court for the Northern District of Iowa. The District Court noted that the Bankruptcy Court for the Southern District of Iowa had issued an opinion[1] on facts that appeared substantially similar to the present facts on June 29, 1987, the day before this Court heard arguments in the present case. The Southern District declined to avoid the lien in that case. The District Court remanded the case back to this Court "for the limited purpose of determining the application of *Van Pelt* to these facts." *In re Graettinger*, No. C 87–3093, slip op. at 4 (N.D. Iowa July 11, 1988).

## BACKGROUND

In December 1983, Debtor William J. Graettinger ("Graettinger") granted Creditor First Federal Savings and Loan Association of Estherville and Emmettsburg ("First Federal") a security interest in his 1983 Nissan pick-up. In February 1984, Graettinger granted First Federal a second security interest in his 1983 Nissan pick-up. Both of the security interests were given by Graettinger in consideration for First Federal's extension of credit. Both security interests were nonpossessory, nonpur-

chase-money security interests. The security agreements provided First Federal with the right to repossess the pick-up upon default by Graettinger. First Federal perfected its lien by recordation of notice on Graettinger's title to the vehicle. Graettinger subsequently defaulted and First Federal repossessed the 1983 Nissan pick-up on March 13, 1987.

Graettinger filed for protection under Chapter 7 of the Bankruptcy Code on March 30, 1987. On Schedule B–4, also filed on March 30, 1987, Graettinger claimed his 1983 Nissan pick-up as exempt property, pursuant to Iowa Code § 627.6. Graettinger did not specify whether the exemption claimed was under § 627.6(9)(b), the motor vehicle exemption or under § 627.6(10), the tools of the trade exemption. Graettinger valued the pick-up at $2,586.00. Iowa exemption law places caps on these exemptions of $5,000 and $10,000 respectively, so the pick-up would have fit, as far as value is concerned, under either section. The Court presumed that Graettinger intended to claim the exemption under § 627.6(9)(b), the motor vehicle exemption. First Federal did not object to this claim. On April 30, 1987, Graettinger filed a motion to avoid First Federal's lien on the pick-up pursuant to the "tools of the trade" provision found at 11 U.S.C. § 522(f)(2)(B). This section provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
>
> (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor
> . . .

11 U.S.C. § 522(f)(2)(B). First Federal resisted the motion. At the hearing on June 30, 1987, this Court granted Graettinger's

---

1. *Matter of Van Pelt,* 83 B.R. 617 (Bankr.S.D. Iowa 1987). The Southern District has reaffirmed its adherence to the *Van Pelt* analysis this year in *Matter of Dettman,* 96 B.R. 899 (Bankr.S.D.Iowa 1988).

motion to avoid the lien. First Federal appealed the lien avoidance ruling.

On appeal, the relevant issue before the District Court was whether the record contained sufficient evidence to support this Court's conclusion that the 1983 Nissan pick-up was a tool of the trade of Graettinger for the purpose of lien avoidance under § 522(f)(2)(B).[2] The District Court remanded the matter to this Court for the limited purpose of determining the application of *Van Pelt* to these facts.

## DISCUSSION

*Matter of Van Pelt* considered the question of whether a debtor could avoid a nonpossessory, nonpurchase-money security interest in a pick-up truck under § 522(f)(2)(B). The *Van Pelt* court determined that because Iowa, under Iowa Code § 627.10, exercised its right to "opt out" of the federal exemptions (*see* 11 U.S.C. 522(b)(2)(A)), the "determination of whether the debtor's vehicle could be tools of the trade pivots on Iowa law." *Van Pelt*, 83 B.R. at 619. The Van Pelt court's analysis concluded there could be no lien avoidance, reasoning that because "Iowa's exemption statute provides separate exemption cate-

gories for tools of the trade and vehicles, the debtors are precluded from claiming vehicles as tools of the trade." *Van Pelt*, 83 B.R. at 619.

■ This Court, however, believes that the *Van Pelt* analysis is incorrect. The Eighth Circuit Court of Appeals held that "[a]lthough a state may elect to control what property is exempt under state law, federal law determines the availability of lien avoidance." *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984).[3] *Thompson* recognized that the "opt out" provision of § 522(b)(2)(A) allows state law to determine only what property may be exempted from the estate. Once exempted, however, federal law determines whether the lien on the property is subject to avoidance. The *Van Pelt* analysis focused on the structure of the Iowa exemption statute as the basis for making the lien avoidance determination, thus not following the *Thompson* court's dictates. Because this Court believes the Iowa exemption statute's structure is relevant *only* in determining what exemptions should be allowed, and not in determining whether lien avoidance should be granted, this Court declines to follow the *Van Pelt* analysis.[4]

---

**2.** On appeal, First Federal raised two additional issues. First, First Federal claimed that their pre-petition repossession prevented the vehicle from becoming property of the estate, thus shielding First Federal's lien from avoidance. Second, First Federal claimed that based on the security interest agreements they held a possessory interest in the vehicle, thus the lien was not subject to avoidance under the terms of § 522(f)(2)(B). The District Court refused to consider these issues because First Federal failed to raise them initially before the bankruptcy court. Additionally, those issues have been decided adversely to First Federal's position by the district court in this district. *In re McFarland*, 38 B.R. 370 (Bankr.N.D.Iowa 1983), aff'd. 38 B.R. 374 (N.D.Iowa 1984).

**3.** In *Thompson*, the Eighth Circuit Court of Appeals was reviewing an Iowa case, dealing with Iowa exemption laws. *See Matter of Thompson*, 46 B.R. 1 (Bankr.S.D.Iowa 1984).

**4.** The *Van Pelt* analysis would be applicable in several situations. The following hypothetical examples illustrate three such situations. First, say a debtor has a motor vehicle which he uses extensively for business purposes, as well as for personal purposes, worth $14,500. Debtor files bankruptcy and attempts to "stack" his exemp-

tions by claiming his motor vehicle as exempt under both the motor vehicle exemptions ($5,000 cap, Iowa code § 627.6(9)(b)) and the tools of the trade exemption ($10,000 cap, § 627.6(10)). In this hypothetical, the debtor would be precluded from "stacking" exemptions because of the structure of the Iowa exemption statute.

A second hypothetical has a debtor with two motor vehicles, a car and a pick-up truck. The pick-up truck is used extensively for the debtor's business purposes. The debtor would not be allowed to claim both vehicles as exempt under the motor vehicle exemption and the tools of the trade exemption, following *Farmer's Elevator & Live Stock Co. v. Satre*, 196 Iowa 1076, 195 N.W. 1011 (1923). *Satre* is the Iowa Supreme Court case relied on by the *Van Pelt* court. *Van Pelt*, 83 B.R. at 619–20.

Finally, in the third hypothetical, a debtor has only one motor vehicle, perhaps a pick-up truck, which is used extensively for both business and personal purposes. Under any analysis, the debtor would be allowed to claim the pick-up truck as exempt under the motor vehicle exemption, but not under the tools of the trade exemption.

■ Under Iowa exemption law, a motor vehicle may only be claimed exempt under the motor vehicle exemption, not under the tools of the trade exemption. The present case, however, is an 11 U.S.C. § 522(f) lien avoidance case. Graettinger used only a single state exemption provision, the motor vehicle exemption, and now is attempting to avoid the lien in his pick-up truck as a tool of his trade pursuant to federal law under § 522(f). Federal law determines what a tool of the debtor's trade is for lien avoidance purposes, not state exemption law structure.

First Federal concedes that the pick-up truck is exempt under Iowa law. Memorandum Brief of First Federal Savings and Loan on Remand, p. 1. n. 2. Therefore, following the *Thompson* rule, the remaining determination to be made is whether federal law allows Graettinger to avoid First Federal's lien on his pick-up truck, pursuant to 11 U.S.C. § 522(f)(2)(B).

Whether a motor vehicle may be regarded as a tool of the trade of the debtor has sharply divided the courts. *See In re McNutt,* 87 B.R. 84, 86 n. 1 (9th Cir. BAP 1988) (citing the large number of cases interpreting whether motor vehicles are subject to lien avoidance). The Eighth Circuit Court of Appeals has addressed this issue in *In re LaFond,* 791 F.2d 623 (8th Cir.1986).[5]

■ *LaFond* states that for an item to be regarded as a tool of the trade of the debtor for § 522(f)(2)(B) lien avoidance purposes, the test to be applied is "the reasonable necessity of the item to debtor's trade or business." *LaFond,* 791 F.2d at 627 (citations omitted). Graettinger is in the business of selling and delivering grain bins. To carry out this business, he has to have the pick-up truck. Graettinger's pick-up is more than reasonably necessary to this business; it is essential. Therefore, for purposes of lien avoidance under § 522(f)(2)(B), Graettinger's pick-up truck is a tool of his trade.

In interpreting federal law, the *Thompson* court applied a rather rigorous standard in rejecting debtor's claim for lien avoidance under § 522(f)(2)(A). *Thompson,* 750 F.2d at 630–31. *LaFond* noted that *Thompson* was a § 522(f)(2)(A) case, and limited the *Thompson* lien avoidance standard to matters arising under that section. *LaFond,* 791 F.2d at 626–27. *LaFond,* as is the case at hand, was a § 522(f)(2)(B) lien avoidance question. *LaFond* agreed with *Thompson* that in § 522(f) matters, federal law determines the availability of lien avoidance. *LaFond* differs from *Thompson* only in that *LaFond* set forth the standard to apply in a § 522(f)(2)(B) case, while *Thompson* set forth the standard to apply in a § 522(f)(2)(A) case.

Policy considerations lend additional support to the conclusion that Graettinger may avoid the liens on his pick-up. Allowing lien avoidance here furthers the "fresh start" policy the Bankruptcy Code envisions, as Graettinger will be able to continue his chosen means of earning income. *See LaFond,* 791 F.2d at 627. Enabling a debtor to maintain his personal dignity by emerging from bankruptcy with the ability to earn a living is a key purpose of the bankruptcy system and the exemptions allowed by state and federal law. *Matter of Hahn,* 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980). That purpose is fulfilled by today's decision.

## CONCLUSION

Federal law determines the availability of lien avoidance under 11 U.S.C. § 522(f)(2)(B). Under the *LaFond* court's standard of "reasonable necessity," Graettinger's pick-up truck is a tool of his trade. Therefore, First Federal's liens on Graettinger's 1983 Nissan pick-up truck may be avoided pursuant to 11 U.S.C. § 522(f)(2)(B).

## ORDER

IT IS HEREWITH ORDERED that First Federal's liens on Graettinger's 1983 Nis-

---

**5.** *McNutt* recognized *LaFond* as standing for the proposition that liens on vehicles may be avoided under the § 522(f) tools of the trade provision. *McNutt,* 87 B.R. at 86 n. 1.

**636**

san pick-up are avoided pursuant to 11 U.S.C. § 522(f)(2)(B).