In re Neyl Allen **GRAY** and Cynthia Ann Gray, Debtors.

No. 03–62330.

United States Bankruptcy Court, W.D. Missouri.

Dec. 16, 2003.

Raymond I. Plaster, Springfield, MO, for Debtors.

Thomas J. O'Neal, Shughart, Thomson & Kilroy, Springfield, MO, for Trustee.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Chief Judge.

Debtors claimed a "Tools of the Trade" exemption for four horses and four one-year old heifers. The Chapter 7 trustee objected. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I overrule the trustee's objection to debtor's claim of exemption.

*FACTUAL BACKGROUND*

On September 17, 2003, debtors filed a Chapter 7 bankruptcy petition. They claimed four one-year old heifers, with a value of $1,200.00, and four horses, with a value of $1,000.00 as exempt tools of the trade. The Chapter 7 trustee objected. On December 10, 2003, this Court held a hearing. At the hearing, counsel for debtors argued that Ms. Gray used the horses to give riding lessons to children, and that she used the heifers to teach rodeo roping and penning. She, therefore, used the livestock as tools of her trade.

*DISCUSSION*

In the Eighth Circuit, a debtors claim of exemption is to be liberally construed.[1] In *Eakes v. Farmers Home Administration (In re Eakes),*[2] the bankruptcy court reasoned that cattle were not exempt as tools of the trade in Missouri. The court found that the Missouri exemption statute separately enumerates "animals" and "tools of

---

1. *Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630, 631 (8th Cir.1991); *Norwest Bank Nebraska, N.A. v. Tveten,* 848 F.2d 871, 875 (8th Cir.1988); *Murray v. Zuke,* 408 F.2d 483, 486 (8th Cir.1969); *In re Moore,* 251 B.R. 380, 381 (Bankr.W.D.Mo.2000).

2. 69 B.R. 497 (Bankr.W.D.Mo.1987).

trade."[3] The court, therefore, deduced that the legislature did not envision animals to be included within the meaning of tools of the trade.[4] The court also found that the common usage of the word "tool" refers to inanimate devices that augment or extend the limits of human physical ability or power.[5] Other courts, however, have taken a more expansive view. In *Parrotte v. Sensenich (In re Parrotte),*[6] the Second Circuit held that bulls used for breeding fell within the tools of trade exemption.[7] The debtors argued that any item that is necessary to, and used by debtors in, their trade is a tool within the meaning of the statute.[8] The Second Circuit agreed and reversed both the bankruptcy court and the district court. The Second Circuit also declined to adopt the positions of other courts that had held that capital assets could not be tools of trade. The court found nothing in the statute to eliminate capital assets from being classified as tools of trade. Instead, the court relied on a functional approach. The functional approach, or "use test," requires a court to look to the function or use of the property to determine if it is, indeed, a tool of debtor's trade.[9] Finally, the court found no significance in the fact that Vermont, like Missouri, has a separate exemption statute for animals and tools of the trade. The Second Circuit pointed out that Vermont also has a separate exemp-

tion statute for automobiles, yet the courts have found that a motor vehicle might also be a tool of the trade despite the existence of a separate statute.[10]

In *In re Stewart,*[11] the court held that debtors were entitled to exempt three horses as tools of the trade.[12] Debtor was employed as a yardman, and he used the horses in order to perform his employment duties. Relying on the "use test," the court defined tools of the trade as those items of personal property that a debtor requires to carry on a trade.[13] Since the debtor in *Stewart* used the horses to aid him in performing his assigned tasks, the court allowed them to be classified as tools of trade.[14]

The facts in *Stewart* are similar to the facts before me. Ms. Gray gives riding lessons to children. She also teaches calf roping and penning to rodeo participants. The horses and cattle are necessary implements to allow Ms. Gray to perform her trade.

This Court has previously found that a van used by debtors in the business of transporting passengers was a tool of the trade for lien avoidance purposes.[15] I found in that case that for an item to be regarded as a tool of trade the test to be applied is the reasonable necessity of the item to the debtor's trade or business.[16] Using that same test, I find in this case,

---

3. *Id.* at 498, *citing* Mo. Stat. Ann. § 513.430.1(1) and (4) (2002).

4. *Id.*

5. *Id.*

6. 22 F.3d 472 (2nd Cir.1994).

7. *Id.* at 477.

8. *Id.* at 474.

9. *Id.* at 475.

10. *Id.* at 476, citing *In re Rule,* 38 B.R. 37, 41 (Bankr.D.Vt.1983).

11. 110 B.R. 11 (Bankr.D.Idaho 1989).

12. *Id.* at 12.

13. *Id.*

14. *Id.*

15. *In re Baker,* 139 B.R. 468, 471 (Bankr. W.D.Mo.1992).

16. *Id.* at 470, *citing In re LaFond,* 791 F.2d 623, 627 (8th Cir.1986).

that horses are necessary items for horse-back riding lessons, and heifers are reasonable items in order to teach roping and penning. Ms. Gray uses the horses and heifers as tools to teach others how to ride and rope. As such, the horses and cattle are tools of trade, therefore, I will overrule the trustee's objection.

An Order in accordance with this Memorandum Opinion will be entered this date.