In the Matter of Douglas L. HOLLINSED and Rita M. Hollinsed, Debtors.

William J. RAMEKER, Trustee, Plaintiff,

v.

Douglas L. HOLLINSED, Rita M. Hollinsed and Tina M. Bristol, Defendants.

Adv. No. 84–0113–7.

United States Bankruptcy Court, W.D. Wisconsin.

June 12, 1984.

William J. Rameker, Madison, Wis., Trustee.

Melvyn L. Hoffman, La Crosse, Wis., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

ROBERT D. MARTIN, Bankruptcy Judge.

The complaint of the trustee, William J. Rameker, against the debtors, Douglas L. Hollinsed and Rita M. Hollinsed, and against Tina M. Bristol, having come on for trial before the court on the 17th day of May, 1984, after due notice to each of the parties, the court makes the following findings of fact, conclusions of law and its judgment in the above-captioned case: ·

### FINDINGS OF FACT

1. Douglas L. Hollinsed and Rita M. Hollinsed, residing at Route 3, Box 46, Baraboo, Wisconsin, filed their voluntary petition and schedules under chapter 7, Title 11, United States Code, on March 16, 1984.

2. The defendant, Tina M. Bristol is the daughter of Rita M. Hollinsed and the step-daughter of Douglas L. Hollinsed.

3. The debtors' bankruptcy schedules and statement of financial affairs disclosed that on or about January 2, 1984, the debtors executed and delivered to Tina M. Bristol, a security agreement purporting to convey a security interest in a certain 1973 Peterbilt tractor, V.I.N. 49781P; and that the consideration for said transfer consisted of loans from Tina M. Bristol to Douglas and Rita Hollinsed during the period from 1980 through 1982, in the approximate amount of $8,000, plus interest.

4. The transfer of the security interest occurred within ninety days of the date of the filing of the debtors' petition and schedules in bankruptcy case no. MM7–84–00478, on March 16, 1984.

5. The above-mentioned security interest was not perfected as required by WIS STAT. § 342.19 on the date of the filing of the debtors' petition and schedules.

6. The payments made by Tina M. Bristol to Douglas and Rita Hollinsed were not used by them to acquire any interest in the 1973 Peterbilt tractor.

7. The debtors' amended schedule B–4 as of the trial of this case claimed exemptions relating to the subject Peterbilt tractor, as follows: husband—§ 522(d)(6) $600; husband—§ 522(d)(5) $4,825; wife—§ 522 (d)(6) $750; wife—§ 522(d)(5) $4,825.

8. The fair market value of the 1973 Peterbilt tractor as disclosed on the debtors' schedule A–2, was $9,000.

9. The Peterbilt tractor is necessary for both of the debtors to reestablish their business of hauling goods.

## CONCLUSIONS OF LAW

10. The grant of a security interest in the debtors' 1973 Peterbilt tractor to Tina M. Bristol on January 2, 1984 was a preference avoidable under 11 U.S.C. §§ 544 and 547.

11. The trustee is entitled to avoid the preference and preserve the transfer for the benefit of the estate. 11 U.S.C. § 551.

12. Notwithstanding 11 U.S.C. § 551, the debtors may exempt the property to the extent they could have avoided such a transfer under 11 U.S.C. § 522(f). 11 U.S.C. § 522(g)(2), (i)(2). *In Re Dipalma*, 24 B.R. 385 (Bankr.D.Mass.1982).

13. 11 U.S.C. § 522(f)(2)(B) allows the debtors to avoid the fixing of a nonpossessory, nonpurchase money security interest in any implements or tools of the trade of the debtor to the extent such a security interest impairs an exemption to which the debtor would otherwise be entitled. *In Re Dipalma, supra.*

14. No appellate decision binding on this court has yet ruled on the issue of enhancing debtors' right to lien avoidance by use of the "wild-card" provision of 11 U.S.C. § 522(d)(5). In *In Re Sweeney*, 7 B.R. 814 (Bankr.E.D.Wis.1980), the bankruptcy judges of the Eastern District of Wisconsin held that the lien avoidance provisions of 11 U.S.C. § 522(f) did not extend to property avoided under 11 U.S.C. § 522(d)(5), reasoning that the legislative purpose of the lien avoidance provision was to prevent creditor coercion of reaffirmation agreements by the threat of repossession of consumer goods of small resale value. In *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982), expressly approving aggregation of exemptions for purposes of lien avoidance, the Third Circuit Court of Appeals rejected the reasoning that lien avoidance under § 522(f) is based solely upon prevention of creditor coercion by threat of repossession of consumer goods of small value, since in including tools of the trade in § 522(f), "Congress could not have been unaware that such tools might well be more expensive than ordinary household goods." 675 F.2d at 586. Other courts have adopted the view that lien avoidance is applicable, under appropriate circumstances, to property exempted under the omnibus provision of § 522(d)(5). In *In Re Dipalma, supra,* the court reasoned that the purpose of § 522(f) lien avoidance was to ensure the debtor's rehabilitation, and shift the cost of rehabilitation, to a certain extent, to creditors. 24 B.R. at 390. In the light of the rule of liberal construction of exemption statutes and the lack of

an express restriction by Congress of lien avoidance to the categories of property identified in 11 U.S.C. § 522(f)(2) [corresponding to § 522(d)(3), (6) and (9)], lien avoidance is applicable to all categories of property subject to exemption under § 522(d).

15. The debtors may avoid the lien on their 1973 Peterbilt tractor created by the transfer of the security interest to Ms. Bristol and preserved by the trustee to the extent of the exemptions claimed by their amended schedule B–4 on file with the court at the time of trial.

Upon the foregoing findings of fact and conclusions of law, it is hereby

ORDERED, ADJUDGED AND DECREED, that this adversary proceeding be dismissed, without costs, and that the debtors may exempt their interest in the subject Peterbilt tractor, up to a value of $11,000.